# CHARLESTON.

ROGERS *v.* LYNCH *et al.*

Submitted Sept. 6, 1897—Decided Nov. 24, 1897.

1. MARRIED WOMAN—*Note—Construction of Statute.*

    Section 15, chapter 3, Acts 1893, is intended to be prospective in its action, and an action at law under that section cannot be maintained, and a common-law judgment rendered, against a married woman, on a note executed by her husband and herself, dated the 18th day of March, 1884, and payable six months after date. (p. 97).

2. MARRIED WOMAN—*Pleading—Coverture—Error.*

    In an action at law upon such note, if the female defendant interposes a plea of coverture which is proper in form and substance, it is error to reject the same. (p. 98).

3. CONSTRUCTION OF STATUTE—*Retroactive Statute.*

    No statute, however positive, is to be construed as designed to interfere with existing contracts, rights of action, or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared; and the courts will apply new statutes only to future cases unless there is something in the very nature of the case ·or in the language of the new revision which shows that they were intended to have a retroactive operation. (p. 98).

Appeal from Circuit Court, Harrison County.

Action by Alford Rogers against Mary A. Lynch and husband. Plaintiff had judgment against the husband, and on appeal judgment was rendered against the wife. Defendants appeal.

*Reversed.*

John J. Davis, for appellants.

John Bassel, for appellee.

English, President:

On the 16th day of July, 1894, Alford Rogers brought an action before a justice of the peace in Harrison county against M. A. Lynch and C. W. Lynch upon a certain single bill, made on the 13th day of March, 1884, for the sum of two hundred and fifty dollars and thirty-five cents, with interest from date, payable six months after date. This note was executed by C. W. Lynch and M. A. Lynch, his wife as his surety, to said Alford Rogers, for some taxes assessed prior to the marriage of said parties. On August 6th following the justice rendered judgment dismissing the action as to said Mary A. Lynch and rendering judgment against her husband for the sum of three hundred and twenty-five dollars and six cents, from which judgment an appeal was taken to the circuit court, and at the September term, 1895, judgment was rendered against Mary A. Lynch and C. W. Lynch jointly for the sum of two hundred and six dollars and thirty-six cents. It appears from the transcript that while the case was before the justice said Mary pleaded *nil debet*, and filed two special pleas in writing. The first of these pleas was a plea of coverture, and the second that at the time of making said single bill, she was, and is still, the wife of C. W. Lynch, who is still living; that she was sick and confined to her bed at the time said single bill was made; that it was made from a debt due from C. W. Lynch to said plaintiff for taxes assessed against his property, and not from any debt due or owing from her to said plaintiff, or for any debt or upon any contract or consideration touching or concerning any separate estate owned or held by her; and that there was no other or further consideration for making said single bill than the debt due from the said C. W. Lynch to said plaintiff for taxes, as aforesaid, assessed against the property of the said C. W. Lynch, and in the hands of the said plaintiff as a deputy to L. D. Jarvis, sheriff of said county, for collection; and she avers that while confined to her bed she was induced and persuaded to sign said note, which was brought to her, she

not understanding or being physically in condition to know
and understand what force and effect the execution of any
such paper could have as against her, and that, the said
single bill having been thus procured as aforesaid from
her, for the consideration aforesaid, she was not bound
thereby; and this she· was ready to verify.   The same
pleas were tendered in the circuit court on the appeal. The
plaintiff demurred to plea No 1, which demurrer was sus-
tained, and said plea rejected.   The defendants excepted.
And the plaintiff moved the court to reject plea No. 2,
which motion was overruled.   The plaintiff replied gener-
ally, and issue was  joined thereon; and the defendant
pleaded *nil debet*, issue was joined thereon, the cause sub-
mitted to a jury, and resulted in a verdict for the plaintiff
for two hundred and six dollars and thirty-six cents, which
verdict the defendants moved the court to set aside and
grant a new trial therein.   This motion the court over-
ruled, and the defendant M. A. Lynch excepted.

In determining the questions raised by the rejection of
plea No. 1 we must look first to the status of the parties at
the time the contract was entered into.   The appellant
was then a .married woman living with her husband, and
the law as it then existed entered into and formed a part
of  the contract.   At the time said note was executed
the appellant was married, and under the existing law she
not only could not have been sued at law, but the remedy
against her must have been pursued in a court of equity,
and any judgment against her could bind only her separ-
ate personal property and the rents and profits of her
realty.   See *Radford* v. *Carwile*, 13 W. Va., 572.   Section
15, chapter 5, Acts 1893, provides that "a married woman
might sue or be sued in any court of law or chancery in
in this State, which might have jurisdiction of the subject-
matter, the same in all cases as if she were a *feme sole*,
and any judgment rendered against her in any such suit
should be a lien against the corpus of her separate real es-
tate.  .And an execution might issue thereon and be col-
lected against the separate personal property of a married
woman as though she were a *feme sole*.   Was this statute
intended to be retroactive in its effect?   The authorities we
have had an opportunity of examining do not so hold.   On

the contrary, we find that in Potter, Dwar. St. p. 162, it is said: "It is a general rule that no statute is to have a retroactive effect beyond the time of its commencement. Such a statute would partake in its character of the mischiefs of an *ex post facto* law as to all crimes and penalties and in matters relating to contracts or property would violate every sound principle." In a note on same page it is said: "The American authorities are quite uniform on the retroactive effect of statues. The general rule is that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of action, or suits, and especially vested rights, unless the intention that it shall so operate is expressly declared; and the courts will apply new statutes only to future cases unless there is something in the very nature of the case or in the language of the new provision which shows that they were intended to have a retroactive action." See 3 Am. & Eng. Enc. Law. 758-760, where the law is thus stated: "A statute which, operating upon facts existing at the time of its passage, attempts to impose upon one person a debt or duty to another where there was no right and no obligation in existence before the passage of the act, in violation of the constitutional prohibitions." In Cooley, Const. Lim. (6th Ed.) 455, the law is thus stated: "Nevertheless, legislation of this character is exceedingly liable to abuse; and it is a sound rule of construction that a statute should have a prospective operation only unless its terms show clearly a legislative intention that it should operate retrospectively,"—citing numerous authorities.

Now, when we refer to chapter 3, section 15, Acts 1893, nothing is found in the language which would indicate an intention to make it act retrospectively, and we must conclude the intention was that it should only act prospectively. It was never intended by that section, in providing that a married woman may be sued in any court of law or chancery in the state in all cases as if she were a *feme sole*, that any judgment rendered against her should be a lien against the corpus of her separate real estate, and that an execution might issue thereon and be collected against her separate personal property as if she was a *feme sole*, to change the effect of a contract made by her in the month

of March, 1884. The law as it then existed measured her liability under the contract she executed, and this statute could not make for her another different contract, much less provide that the new contract should be enforced against her in another and different forum. Our constitution (Art. VI. section 49) provides that the legislature shall pass such laws as may be necessary to protect the property of married women from the debts, liabilities, and control of their husbands, and in pursuance of this provision in section 11, chapter 109, Laws 1891, it was provided that "no married woman should become security, indorser, or guarantor for her husband, or for any other person for any debt or liability," *etc.* This act was not intended to have a retrospective action. If it did, it would be disastrous to the plaintiff's action in this case. Returning, however, to the law as it existed at the time the note sued on was executed, and which, as I have said, entered into and formed a part of the contract, it is manifest that the contract entered into at that time by the defendant Mary Lynch was quite different from the one sought to be enforced by the verdict and judgment in this case. My conclusion, therefore, is that the court erred in rejecting said plea No 1, which was a plea of coverture, and raised a question as to the right of the plaintiff to sue her upon said contract in a court of law, and it was error in the court to render a common-law judgment against her under the provisions of section 15, chapter 3, Acts 1893. For these reasons the judgment complained of must be reversed, with costs, and the cause is remanded to the circuit court of Harrison county for further proceedings to be had therein.

*Reversed.*