## CHARLESTON.

44   399
44   334
44   505
45   164
45   472

44 399
52 273

WALKER v. BURGESS *et al.*

Submitted January 19, 1898—Decided March 23, 1898.

1. STATUTE OF LIMITATIONS—*Retroactive Statute.*
    A statute changing the period of limitation will not be applied to antecedent transactions, unless its letter or necessary intent demand a retroactive construction. (p. 400).

2. STATUTE OF LIMITATIONS—*Note—Assignee—Set-off.*
    An assignee of a note, suing upon it, may plead the statute of limitations against a set-off based upon a demand against the assignor. (p. 401).

Error to Circuit Court, Wayne County.

*Assumpsit* by A. Walker against Burgess & Napier
Plaintiff had judgment, and defendants bring error.

*Affirmed.*

CAMPBELL, HOLT & CAMPBELL, for plaintiffs in error.
MARCUM, MARCUM & SHEPHERD, for defendant in error.

BRANNON, PRESIDENT:

The action was upon five promissory notes made by
Burgess & Napier to P. S. Walker and by the latter trans-
ferred to plaintiff, A. Walker, and defendants pleaded set-
offs, based on store accounts against P. S. Walker, and the
plaintiff replied against the set-offs the statute of limita-
tion of three years. Thus two questions arise: (1) Is
three years the bar, under section 6, chapter 104, Code
1891, which was in force when the set-offs accrued, and
also when the action began, or five years under chapter 2,
Acts 1895, amending said section, which act was in force
when the plea of set-offs was filed? (2) Can the plaintiff
plead the statute?

The first question we answer by saying that statutes
are to be construed to be prospective in operation, and not
to retroact, and govern antecedent transactions. I use the
word "construed," meaning that courts do not, by mere
construction, give statutes backward effect, but will do so
if the letter of the statute or necessary and inevitable in-
tent require it. *Stewart* v. *Vandervort*, 34 W. Va., 524, (12
S. E. 736). And though statutes of limitation do not de-
stroy the right, but affect only the remedy, this Court has
applied the rule to such statutes. *State* v. *Mines*, 38 W.
Va., 125, Syl. point 6, (18 S. E. 470); *Maslin's Ex'rs* v. *Hiett*,
37 W. Va., 15, Syl. point 2, (16 S. E. 437); *Fowler* v.
*Lewis*, 36 W. Va., 113, (14 S. E. 447); *Casto* v. *Greer*, 44 W.
Va., 332, (30 S. E. 100). Nothing in the new statute calls
for retroactive construction; and the period of three years,
being the bar at date of the sale of the store goods, applies,
not the new law in force at the date of the plea.

As to the second question. It is true that generally the
statute of limitations is a plea personal to the debtor, which

he may use or waive, as he pleases, and which one who is a stranger to him, standing in no relation of privity in estate with him, cannot use.   But this Court has held that, where there is a privity between the party who could, if sued, plead the statute, and the party offering to plead it, the latter may plead it to save his property.   Such is the case with heirs, devisees, vendees, or mortgages. *Mc-Claugherty* v. *Croft*, 43 W. Va., 270, (27 S. E. 246).   An assignee of a note is privy in estate to the assignor as much as the alienee or vendee in sales of land; and if a vendee of land is entitled to protect his estate against a claim against his vendor sought to be enforced against the land, so is such assignee.   Often the one owing the set-off is not a party, so as to allow him to plead; and, if the assignee cannot plead it, his estate in the note is lost.   And even when the one entitled to plead is a party, his nonaction or collusion will not be allowed to defeat his assignee's right any more than his receipt of payment, or declaration or other act after assignment will do so.   The law gives the assignee right to use the name of the assignor, whether the latter is willing or not, in a suit to recover the debt, and so it ought to allow the assignee the use of any defense against a claim which would destroy the assignee's property in the note assigned. In *Thompson* v. *Sickles*, 46 Barb. 49, cited in Wat. Set-Off, § 98, held:  "In such action, brought by an assignee of the note, the plaintiff may raise the objection that a set-off against his assignor [the payee], averred in the answer, is barred by the statute of limitations."   The statute ends the case, barring all the set-offs, and leaving the notes to justify the judgment.   The judge trying the case found upon the evidence properly as facts that the set-offs could not be treated as payments, even if applicable to the notes, four of them being negotiable, and that the plaintiff was *bona fide* holder for value.   If treated as nonnegotiable notes, the same judgment would follow.   It is useless to discuss other matters, as they would be inoperative on the judgment, and relate to matters well settled in law

*Affirmed.*