# CHARLESTON.

### STATE *v.* JOHN S. SIERS

### (No. 5378)

Submitted January 12, 1927. Decided January 18, 1927.

STATUTES—WEAPONS—*Statute, When Limited to Restricting Such Shooting in Public Road As Affects Animals Referred to in Title, is Not Unconstitutional, As Containing Object Not Expressed in Title; Prosecution For Firing Revolver in Street, Under Statute Whose Title Relates to Protection of Game Animals, Cannot be Had (Acts 1921, c. 116, § 27; Const. Art. 6, § 30).*

Sec. 27 of Ch. 116 of the Acts of 1921 does not violate the Constitution of West Virginia, when limited to prohibit such shooting in a public road as may affect the object of the Act.

(Statutes, 36 Cyc. pp. 1035, 1036; Weapons, 40 Cyc. p. 870.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Harrison County.

John S. Siers was convicted of firing a revolver in a city street, and he brings error.

*Reversed and dismissed.*

*A. F. McCue, Powell & Clifford* and *Sperry & Sperry,* and *Glenn F. Williams,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

The defendant Siers was convicted and sentenced in the criminal court of Harrison county, upon an indictment which charged that he unlawfully discharged a revolver ''in a certain public road in this State, to-wit, a certain public street in the City of Clarksburg, known as and commonly called Jesse Street.'' The prosecution was based upon Sec. 27, Ch. 116, Acts of 1921. The defendant contends that this section is unconstitutional because its object was not expressed in the title of the Act. ''No Act hereafter passed shall embody more than one object, and that shall be expressed in the title.'' Sec. 30, Art. 6, Constitution of West Virginia.

The genesis of this section is as follows: Under Sec. 4, Ch. 117 of an act entitled ''An Act To Protect Birds and Game'', the Legislature of 1875 prohibited any person, when on the lands of another, from discharging firearms on any grounds ''directly appurtenant to or within gun shot of any occupied dwelling house.'' The game laws were amended in 1882 and the said Sec. 4 became Sec. 13, Ch. 89 of the Acts of 1882. Sec. 13 was amended in 1901 so as to include the words ''No person shall shoot in the public road at any time.'' This section with some minor changes in phraseology became Sec. 50, Ch. 60, Acts of 1911. Sec. 50 was amended and reenacted as Sec. 27, Ch. 116, Acts of 1921, which is as follows:

> ''It shall be unlawful for any person to shoot or discharge any firearms across or in any public road in this state, at any time, or within four hundred feet of any school house or church, or five hundred feet of any dwelling house, or on or near any park or other place where persons gather for purposes of pleasure.''

The title of Ch. 116 is:

> "An Act to Amend and Re-enact Chapter Sixty
> Two of the Code of West Virginia of One Thou-
> sand Nine Hundred and Sixteen, as Last Amended
> and Re-enacted by Chapter Fifty Two of the Acts
> of the Legislature of West Virginia, of One Thou-
> sand Nine Hundred and Nineteen, Regular Session,
> All Relating to the Protection and Preservation of
> Certain Animals, Birds and Fishes, Forests and
> Streams."

The Code of 1916 contained unchanged Sec. 50 as re-enacted in 1911. Ch. 52 of the Acts of 1919, while amending and re-enacting several sections of the game law, made no change in Sec. 50 of the Acts of 1911.

By virtue of Sec. 30, Art. 6, Constitution, *supra*, no object should be included in the Act of 1921 which does not relate in some way to the "protection and preservation of certain animals, birds, and fishes, forests and streams". We cannot conceive how shooting a revolver in a street of the city of Clarksburg to intimidate a crowd, as was the evident purpose in this case, could relate in any way to the "protection and preservation of certain animals, birds and fishes, forests and streams." The indictment did not charge, and the evidence in support thereof does not show, that certain animals, etc., were affected by or needed any protection or preservation from the alleged discharge of the revolver by the accused. Conse-quently, we must either hold this section unconstitutional, or limit it to such a discharge of firearms in the public roads, as would affect those certain animals, etc. referred to in the title of the Act. The history of the Act through half a century of legislation associates it only with the game law, and impels such a construction. Further, it is a rule of constitutional interpretation that when two constructions may be placed upon a statute, one of which renders it constitutional, and the other unconstitutional, it is the duty of the courts to so limit the statute as to make it comply with constitutional require-ments. If we so limit the above section, then we must hold that it has no application to the discharge of a revolver under such circumstances as are alleged and proven in this case.

*Ry. Co.* v. *Conley,* 67 W. Va. 129 (pt. 28 syl.) ; *Hope Natural Gas Co.* v. *Hall Adv. Shts.,* 135 S. E. 582.

Therefore the act charged to the defendant does not violate the statute.

The judgment of the trial court will accordingly be reversed and the case dismissed.

*Reversed and dismissed.*