CARBON FUEL COMPANY *v.* STATE COMPENSATION
COMMISSIONER *et al.*

(No. 7292)

Submitted February 23, 1932.   Decided March 1, 1932.

*Hillis Townsend,* for petitioner.

*Howard B. Lee,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for respondent State Compensation Commissioner.

*U. S. Albertson,* for respondent John New.

WOODS, JUDGE:

Petitioner seeks to invoke prohibition against payment, by the compensation commissioner, of an award, dated January 8, 1932, to John New, claiming in support of the writ that the

commissioner's jurisdiction over the claim had long since expired, by virtue of the limitation set out in section 40, chapter 71, Acts 1929.

Claimant was injured in 1925; an award of 45% disability was entered in 1927, payments expiring thereunder May 20, 1929; an additional award of 5% was entered on October 3, 1929, expiring October 7, 1929; in February, 1931, claimant was sent before a doctor for an X-ray of his pelvis; after a prolonged hearing, held on objection by petitioner herein to a proposed additional award of 25%, an award of 5% (payment of which is now sought to be prohibited) was made.

Section 40 of the original compensation statute, chapter 9, Acts 1915 (Code 1923, chap. 15-P, sec. 40), provided that: ''The power and jurisdiction of the commissioner over each case shall be continuing, and he may from time to time, after due notice to the employer, make such modifications or change with respect to former findings or orders with respect thereto as in his opinion may be justified.'' That section was in full force and vigor at the time of claimant's injury. However, by section 40, chapter 71, Acts 1929 (redrafted slightly for clarity in Code 1931, 23-4-16), the above section was reenacted and amended by adding thereto the following: ''Provided, no further award may be made * * * except in case of non-fatal injuries * * * within one year after the commissioner shall have made the last payment in any permanent disability case.''

Does the above proviso apply to claims arising from injuries sustained prior to its enactment? The commisisoner and claimant both contend that it does not, while petitioner herein answers that it does in cases like the instant one. The petitioner and respondents each rely in a measure on *Jenkins* v. *Commissioner*, 107 W. Va. 287, 148 S. E. 117. The syllabus in that case is to the effect that the 1929 addition to section 40 ''is not retroactive in its operation, and therefore does not bar a proceeding for award on account of a fatal injury which occurred more than a year prior to the amendment, it appearing that applicant for such award was properly pending when the legislature passed the amendment.'' Petitioner dwells on the last clause above quoted, and seeks to show that the

instant case differs in that claimant was paid one award since the enactment of the limitation, and that the application and hearing regarding the award complained of coming after said enactment should be governed by the limitation.

It is clear that the limitation attaches to all rights accruing after its enactment, but can we say that it attaches in any manner to the righs already accrued? The commissioner had continuing jurisdiction in all cases arising prior to its enactment. *Higgins* v. *Coal Company,* 103 W. Va. 504, 138 S. E. 112. Claimant sustained his injury, which entitled him to participate in the fund, prior to the limitation. At the time his right attached he was entitled to make application from time to time, and be compensated, if the commissioner felt that he was entitled to additional compensation.

As we read the *Jenkins* case, it does not purport to limit claims arising under the old act at all, but leaves the commissioner's jurisdiction as continuing under the former act in all cases of injury arising prior to the amendment. *Bonner* v. *Commissioner,* 110 W. Va. 38, 156 S. E. 487. There is nothing in the language used to indicate that the provision of amendment is to be retroactive in any respect. All substantive rights arising prior to its enactment continue.

*Writ denied.*