BLANCHE PEAK, *Widow, etc.*

*v.*

STATE COMPENSATION COMMISSIONER, *et al.*

(No. 10775)

Submitted January 11, 1956.   Decided February 7, 1956.

HAYMOND and BROWNING, JUDGES, dissenting.

*Patrick J. Flanagan,* for appellant.

*Richardson, Hudgins & Hancock, L. R. Coulling, Jr.,* for appellee.

GIVEN, JUDGE:

Claimant, Blanche Peak, filed her claim as widow and dependent of Robert Henry Peak, a former employee of Winding Gulf Collieries Company, before the State Com-

pensation Commissioner, on January 28, 1953. On February 18, 1955, the commissioner denied the widow's claim, "on the ground that claimant did not die from silicosis in its third stage accompanied by tuberculosis". Upon appeal, the Workmen's Compensation Appeal Board, on August 22, 1955, affirmed the order of the commissioner.

The employee ceased work on February 24, 1947, and from that date to the time of his death was continuously and totally disabled. On October 30, 1947, he filed his claim with the State Compensation Commissioner and, after full hearings, was found to be suffering from the disease of silicosis, second stage, and was awarded and paid $1,600.00.

On January 10, 1953, about three-thirty o'clock in the afternoon, on directions of his personal physician, the employee was admitted to a hospital for treatment of the silicotic condition, with instructions by the physician to place him in an oxygen tent, if his condition later indicated the necessity therefor. At eight o'clock P. M. of the same day his pulse was 54 and his respiration 18. At twelve-thirty A. M. of the following day his pulse had increased to 116, and his respiration to 36. The physician was asked: "From the pulse and the respiration between those two times would you consider that his condition was getting grave or serious?" His answer was: "I think so, yes". At two-thirty A. M. of the same day his pulse had increased to 120 and his respiration to 40. He was at that time placed in an oxygen tent. At about four o'clock A. M. of the same morning the oxygen tent caught fire and the employee, husband of claimant, was severly burned about the chest and face. He died at five-fifty A. M. the same day, January 11, 1953. From the evidence before us there appears no question that the fire was caused by the striking of a match by Robert Henry Peak, for the purpose of lighting a cigarette. Neither does there appear any doubt that he had been warned by employees of the hospital

as to the dangers of attempting to smoke while in an oxygen tent. The patient was not placed in an oxygen tent after the fire for the reason that no other tent was available.

Six days after the death of Peak, an autopsy was performed on his body by a competent pathologist. The autopsy disclosed that Peak, at the time of his death, was suffering from an "unusually advanced stage of pneumoconiosis or silicosis, third stage". The pathologist further testified: "I would say it was one of the most severe cases or most wide spread silicosis I have ever seen in my own material and in the material of others". No evidence, however, was found by the pathologist that Peak had active tuberculosis at the time of his death. There is evidence that he suffered from tuberculosis subsequent to the time of his last exposure but that it had been arrested prior to the time of his death. The report of the Silicosis Medical Board, dated September 17, 1954, stated: "After a careful review of the record in this case, including the death certificate and an autopsy report, dated January 17, 1953, and signed by Dr. W. A. Laqueur, Pathologist, it is the opinion of the Silicosis Medical Board that this claimant at the time of his death did suffer from the disease silicosis in its third stage. Since this is a claim under the old law and the statutory requirement was that the claimant at the time of his death must be suffering from the disease tuberculosis in active stage, the claimant must be denied an award under this condition due to the statutory requirement that active tuberculosis be present which was not demonstrated by autopsy."

It is contended that the death of the employee resulted from the oxygen tent fire and that such oxygen tent fire constituted an intervening cause, breaking the causal connection between the industrial injury and the death of the employee. We are of the opinion, however, that the record does not necessitate a finding that death of the employee was caused by the burns resulting from the tent

fire. It is clear, from the report of the Silicosis Medical Board, from the findings of the commissioner and of the appeal board, as disclosed by its order and opinion, referred to in the order, that the death of the employee was considered to have resulted from silicosis in the third stage. We think such finding amply supported. The pathologist gave no evidence concerning any internal burns or death by inhalation of fumes, and no other witness testified to any such effect. It is true that the personal physician of the employee gave as the cause of death on the death certificate, "Pulmonary edema due to burns and inhalation of fumes from fire in oxygen tent. Myocardial insufficiency". The physician stated, however, that he did not see or examine the employee after the fire and did not know whether there were internal burns. It is not contended that the external burns suffered by the employee caused his death. On the other hand, we think the evidence ample to support the finding that death of the employee resulted from silicosis in the third stage. As before noticed, the pathologist found "an unusually advanced stage" of silicosis in the third stage, and that "it was one of the most severe cases or most wide spread silicosis" he had ever seen. It is not disputed that the employee was totally and continuously disabled by silicosis for several years prior to his death, and his personal physician, who had treated him during those years, testified to the effect that the employee "had been steadily deteriorating during that time"; that when he caused him to be admitted to the hospital the last time he considered him "gravely ill"; and that he "was expecting" the death of the employee and had advised the employee's family "that he was gravely ill". When we add to such facts the very rapid increase in the pulse and respiration rates of the employee before he was placed in the oxygen tent, we think a sufficient basis for determination of death because of the disease silicosis is demonstrated. At least, we are not able to say that the findings of the commissioner, the appeal board, and the members of the Silicosis Medical Board, physicians and surgeons, were plainly wrong.

It will be noticed that the date of the death of the employee, January 11, 1953, was subsequent to the effective date of Chapter 136 of the 1949 Acts of the Legislature, July 1, 1949, while the date of the last exposure of the employee was.prior to the effective date of that act. Prior to such effective date the statute required that silicosis must be accompanied by active tuberculosis to constitute silicosis in the third stage. By the 1949 Amendment the definition of silicosis in the third stage was changed to read: "* * * when it is found by the commissioner that the employee has silicosis resulting in total permanent disability, whether or not accompanied by tuberculosis of the lungs". Since, in the instant case, the cause of the death of the employee was silicosis in the third stage, unaccompanied by active tuberculosis, the question naturally arises whether the widow-claimant should be permitted to recover in accordance with the amendment, or whether her right of recovery should be denied because of the provisions of the former statute in effect at the time of the last exposure of the employee, requiring the existence of active tuberculosis to constitute silicosis in the third stage. In the instant case, counsel for the respective parties agree that the statute in effect at the time of the death of the employee should govern as to the rights of the dependent widow, but it seems necessary to further consider the question here.

We think the basis for the answer to the problem was pointed out in *Gibson* v. *State Compensation Commissioner*, 127 W. Va. 97, 31 S. E. 2d 555, wherein it was held: "1. A claim for death benefits, provided for by Code, 23-4-10, is separate and distinct from an injured employee's claim for disability benefits." In so far as we are able to determine, that holding has never been seriously questioned. The problem now before the Court was considered in the case of *Webb* v. *State Compensation Commissioner*, 138 W. Va. 21, 76 S. E. 2d 248. In that case death of the employee occurred after the effective date of the amendment. The dependent widow claimant was held entitled to an award under the provisions of the

amendment, notwithstanding the last exposure of the employee occurred before the effective date of the amendment. In that case, however, there had been a finding and an award to the employee for silicosis in the third stage. In a later case, No. 10649, styled *Agnes Louise Webb* v. *State Compensation Commissioner and New River Company*, decided February 9, 1954, without an opinion, this Court adhered to the holding in the first mentioned *Webb* case, stating in the order entered therein that the issue in that case was "controlled by the principles laid down in *Webb* v. *State Compensation Commissioner*, decided by this Court February 10, 1953, 76 S. E. 2d 248". These cases, we think, constitute clear authority for the proposition that the rights of such a claimant are to be governed by the statute in effect at the time of the death of the employee.

In *Hirsch* v. *Hirsch Bros., Inc.*, 97 N. H. 480, 92 A. 2d 402, the Court held: "4. Workmen's Compensation Law existing when employee died, and not when accident occurred, determined compensation rights of employee's dependents * * *". See Larson's Workmen's Compensation Law, Section 64. 10.

We find no substantial reason to question the holding in the *Gibson* case or in the *Webb* cases. It is clear that no right accrues under the statute to a dependent of an employee until the death of the employee. In fact, no right may ever accrue, for the employee may not die within the six year period following his last exposure. This being true, it is clear, we think, that the application of the statute in effect at the time of the death of the employee, the time of the accruing of the rights of the dependent, should govern as to such rights. In so applying the statute, no vested right is disturbed, for the simple reason that none existed, or could exist, before the death of the employee. An act of the Legislature, though it have retrospective effect, is not necessarily invalid, and does not, for that reason, come into conflict with any constitutional provision, unless vested, not potential, rights,

are disturbed. See *Huntington Water Corp.* v. *City of Huntington,* 115 W. Va. 531, 177 S. E. 290; *City of Benwood* v. *Public Service Commission,* 75 W. Va. 127, 83 S. E. 295. It is true that this Court has held, we believe correctly, that the basis of liability of employers under the Workmen's Compensation statutes, is contractual. But we can not say that such contractual relationship or liability necessarily precludes a subsequent Legislature from effecting changes in the Workmen's Compensation laws. Those who enter into such contractual relationships do so with knowledge of the right and power of the Legislature to enact any new law relating to the subject matter, not in conflict with any constitutional provision, and must be presumed to have agreed to any such change.

The further contention is made that since the holding in the *Webb* cases precludes the relitigation by the employer of the question of the existence of silicosis in the third stage where there had been a prior determination of silicosis in the third stage, the 1949 Act should be interpreted and applied so as to preclude the relitigation of such a question in every case where any determination of such a question had been previously made, whether such a determination resulted in a finding of silicosis in the third stage, in the second stage or in the first stage. But the pertinent act, Chapter 136, Article 4, Section 6-a, applies only where "the commissioner has determined at the time of the original award that he was suffering from silicosis in the third stage". To hold that the act applies to "determined" first or second stage silicosis would amount, in effect, to an insertion of language in the act of implication, which is neither required nor warranted. Where the prior "determined" stage of silicosis is third stage, the employer is necessarily a party to the proceeding wherein the determination is made, and the employer has been afforded opportunity to litigate the question and to contest such determination. The employer alone is precluded by the statute since he, and not the potential dependent, is a party thereto. To say

that the language of the 1949 Act applies to every prior "determined" stage would deny to certain dependents the right to litigate their claims because of findings in a proceeding wherein they were not, and could not have been, parties to the proceeding. Such a result can not be justified from the language of the statute, and should not be read into the statute by implication.

It necessarily follows that the order of the Workmen's Compensation Appeal Board appealed from must be reversed; that the order of the State Compensation Commissioner, denying an award to claimant, must be set aside; and the case remanded to the State Compensation Commissioner for the entry of an order in accordance with this opinion.

*Reversed and remanded*
*with directions.*

HAYMOND, JUDGE, *dissenting:*

Believing as I do that the decision of the majority of this Court in this proceeding is logically and legally unsound, that it is contrary to many prior decisions of this Court, and that it adds to the confusion in cases involving claims for compensation resulting from silicosis which has followed the recent decision of this Court in *Webb* v. *State Compensation Commissioner*, 138 W. Va. 21, 76 S. E. 2d 248, I respectfully but emphatically express my dissent.

The evidence in this proceeding, upon which the State Compensation Commissioner and the Workmen's Compensation Appeal Board, on appeal, denied the claimant compensation indicates clearly that, though Robert Henry Peak, the husband of the claimant, was suffering from silicosis while being treated in the hospital for that disease and that silicosis would have eventually caused his death, the actual cause of his death, as shown by the death certificate prepared by his personal physician, was the burns and the inhalation of fumes from a fire which was caused by the conduct of the employee in

igniting a match for the purpose of lighting a cigarette while he was in an oxygen tent in the hospital after he had been warned of the danger of smoking in the oxygen tent. The evidence fails to show that he had active tuberculosis at the time of his death. The evidence, however, does show that though he suffered from tuberculosis after his last exposure to silicon dioxide dust in harmful quantities, which occurred before February 24, 1947, when he ceased to work, that disease had been arrested before he died.

Despite the stage of silicosis from which he was suffering and with which he had long been afflicted the undisputed fact, as indicated in the majority opinion, that he died less than two hours after he started the fire in the oxygen tent shows that, notwithstanding the report of the physician who performed the autopsy that he was suffering from silicosis in the third stage, the actual cause of his death was the burns and the inhalation of fumes resulting from the fire which he himself started. His own careless, indeed reckless, act in starting the fire created an independent intervening effective cause of the injuries which resulted in his death. As an ordinary prudent person, he should have known that the fire would occur if he lighted a match, as he did, in the oxygen tent.

As the death of the employee, Robert Henry Peak, did not result from silicosis, the claimant has not established the necessary element that the death of her husband resulted from that disease, and for that reason she is not entitled to any award of compensation under Section 10, Article 4, Chapter 23, Code, 1931, as amended by Chapter 131, Acts of the Legislature, 1945, Regular Session, which was in effect at the date of his last injurious exposure to silicon dioxide dust in harmful quantities.

Notwithstanding the recent decision of this Court in the *Webb* case, it is my considered judgment that the instant claim is based upon and is governed by the provisions of Sections 6a and 10, Article 4, Chapter 131,

Acts of the Legislature, 1945, Regular Session, which were in effect when the employee was last injuriously exposed to silicon dioxide dust in harmful quantities and when he was awarded benefits for silicosis in the second stage upon a claim filed with the compensation commissioner on October 30, 1947, and that the instant claim is not affected or controlled by the subsequent Act, Chapter 136, Acts of the Legislature, 1949, Regular Session, which amended those sections of the Act of 1945 and which Act of 1949 was in effect at the date of the death of the employee and at the time the instant claim was filed with the compensation commissioner.

The pertinent provisions of Section 6a of the Act of 1945 are that an employee shall be deemed to have silicosis in the third stage when it is found by the commissioner that the employee has silicosis accompanied by active tuberculosis of the lungs resulting in total and permanent disability and that if the employee dies from silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities and the commissioner determines that he was suffering from silicosis in the third stage the benefits to his dependents shall be in the amounts provided in Section 10 of that Act. The 1949 Amendment to that section states that an employee shall be deemed to have silicosis in the third stage when it is found by the commissioner that the employee has silicosis resulting in total and permanent disability, whether or not accompanied by tuberculosis of the lungs, and that if the employee dies from silicosis within the foregoing period of six years and the commissioner has determined at the time of the original award that he was suffering from silicosis in the third stage, the benefits to his dependents shall be in the amounts provided in Section 10 of the amendment.

The pertinent provision of Section 10 of the Act of 1945 is that if the death of the employee results from determined third degree silicosis within six years from

the date of his last injurious exposure to silicon dioxide dust in harmful quantities the benefits payable to a dependent widow of the deceased employee shall be $30.00 a month until her death or remarriage and in addition $10.00 a month for each child under sixteen years of age until such child reaches such age or if an invalid child $15.00 a month as long as such child remains an invalid. The amendment to this section by the Act of 1949 provides that if the death of the employee results from determined third degree silicosis or from any other occupational disease within six years from the date of the last exposure to the hazard of silicon dioxide dust or to the other particular occupational hazard involved, as the case may be, the benefits payable to a dependent widow of the deceased employee shall be $50.00 a month until her death or remarriage and in addition $15.00 a month for each child under eighteen years of age until such child reaches such age or if an invalid child $20.00 a month as long as such child remains an invalid.

It is clear to me that if the 1949 Amendment to Section 6a, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, applies to the husband of the claimant, who admittedly was suffering from silicosis which was not accompanied by active tuberculosis of the lungs at the time of his death on January 11, 1953, or for sometime prior to that date, that amendment, which removes the requirement of Section 6a, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, that silicosis of an employee in the third stage be accompanied by active tuberculosis of the lungs resulting in total and permanent disability, must be given retroactive effect.

A statute should not be construed to operate retrospectively instead of prospectively unless it clearly appears from the statute that in enacting it the Legislature intended that it should be given retroactive force and effect, and there is no provision in the Act of 1949 that indicates that the Legislature intended it to operate retrospectively instead of prospectively. On the con-

trary, it clearly appears that the 1949 Amendment was intended by the Legislature to operate prospectively rather than retrospectively. The manifest purpose of the amendment to Sections 6a and 10 of the Act of 1945 was to enable employees who suffered from silicosis which resulted in total and permanent disability, but which was not accompanied by tuberculosis of the lungs, to obtain an award for third stage silicosis instead of restricting such award to those employees only who suffered from silicosis which resulted in total and permanent disability and was also accompanied by active tuberculosis of the lungs; to limit the claims of the dependents of employees whose death resulted from silicosis to instances only in which there had been a prior determination, during the lifetime of the employee, that he had suffered from third stage silicosis; and to increase the amount of the benefits to the dependents of the deceased employee. The amendment was obviously intended to operate, after its effective date, to enlarge the group suffering from third stage silicosis by including employees who were totally and permanently disabled by silicosis even though that disease was not accompanied by tuberculosis of the lungs; to reduce the number of claims of dependents of deceased employees by imposing the requirement that there must have been a determination before the death of any such employee that he had suffered from third stage silicosis; and to increase the amounts of the benefits to his dependents.

This Court has said in numerous cases that the presumption is that a statute is intended to operate prospectively and not retrospectively in the absence of clear, strong and imperative words to show the legislative intent to give it retroactive force and effect or unless such intent is necessarily implied from the language of the statute which would be inoperative if not given retroactive force and effect. *State ex rel. Conley* v. *Pennybacker*, 131 W. Va. 442, 48 S. E. 2d 9; *Lester* v. *State Compensation Commissioner*, 123 W. Va. 516, 16 S. E. 2d 920; *Fairmont Wall Plaster Company* v. *Nuzum*, 85 W.

Va. 667, 102 S. E. 494; *Harrison* v. *Harman,* 76 W. Va. 412, 85 S. E. 646; *Barker* v. *Hinton,* 62 W. Va. 639, 59 S. E. 614, 13 Ann. Cas. 1150; *Burns* v. *Hays,* 44 W. Va. 503, 30 S. E. 101; *Walker* v. *Burgess,* 44 W. Va. 399, 30 S. E. 99, 67 Am. St. Rep. 775; *Casto* v. *Greer,* 44 W. Va. 332, 30 S. E. 100; *Rogers* v. *Lynch,* 44 W. Va. 94, 29 S. E. 507; *State* v. *Mines,* 38 W. Va. 125, 18 S. E. 470; *Stewart* v. *Vandervort,* 34 W. Va. 524, 12 S. E. 736, 12 L. R. A. 50. Statutes of limitations, which do not destroy the right but merely affect the remedy, are no exception to the rule that a statute is to be construed as prospective in operation unless it shows a clear intention to the contrary. *Harrison* v. *Harman,* 76 W. Va. 412, 85 S. E. 646; *Burns* v. *Hays,* 44 W. Va. 503, 30 S. E. 101; *Walker* v. *Burgess,* 44 W. Va. 399, 30 S. E. 99, 67 Am. St. Rep. 775; *Casto* v. *Greer,* 44 W. Va. 332, 30 S. E. 100; *State* v. *Mines,* 38 W. Va. 125, 18 S. E. 470; *Maslin's Ex'rs* v. *Hiett,* 37 W. Va. 15, 16 S. E. 437; *Fowler* v. *Lewis' Adm'r* 36 W. Va. 112, 14 S. E. 447. Even a remedial statute is to be construed *prima facia* as prospective in operation. *Fowler* v. *Lewis' Adm'r,* 36 W. Va. 112, 14 S. E. 447.

Under the workmen's compensation statute of this State the relation between the employer and the employee with respect to compensation is contractual. *State ex rel. Conley* v. *Pennybacker,* 131 W. Va. 442, 48 S. E. 2d 9; *Lancaster* v. *State Compensation Commissioner,* 125 W. Va. 190, 23 S. E. 2d 601; *Hardin* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 198, 189 S. E. 670; *Gooding* v. *Ott, State Compensation Commissioner,* 77 W. Va. 487, 87 S. E. 862, L. R. A. 1916D, 637. By virtue of this contractual relation between employer and employee a statute affecting that relation may not be construed to give it retroactive force and effect if to do so impairs the obligation of a contract or disturbs vested rights. *State ex rel. Conley* v. *Pennybacker,* 131 W. Va. 442, 48 S. E. 2d 9; *Lester* v. *State Compensation Commissioner,* 123 W. Va. 516, 16 S. E. 2d 920; *Cherry* v. *State Compensation Commissioner,* 115 W. Va. 180, 174 S. E. 889; *Carbon Fuel Company* v. *State Compensation*

*Commissioner,* 111 W. Va. 639, 163 S. E. 62; *Jenkins* v. *Heaberlin, Compensation Commissioner,* 107 W. Va. 287, 148 S. E. 117.

The holding of the majority in placing upon the 1949 Amendment to Sections 6a and 10, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, a construction which gives the amendment retroactive force and effect impairs the contractual obligation and disturbs the vested rights of the employer of the husband of the claimant, which existed under and were created and fixed by Sections 6a and 10, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, the statute in effect at the time of his last injurious exposure to silicon dioxide dust in harmful quantities.

In giving retroactive force and effect to the 1949 Amendment the character of silicosis in the third stage, as defined in Section 6a of the Act of 1945, is substantially changed by removing the necessary element of accompanying active tuberculosis of the lungs; the requirement of prior determination by the commissioner that the employee, at the time of the original award, was suffering from silicosis in the third stage is imposed; and the amount of compensation fixed by Section 10 of the Act of 1945 is materially increased. These changes affect the substantive rights of the employee and his dependents and the employer. In an annotation in 82 A. L. R. 1244, this pertinent language appears: "As regards an injured employee, the time to be considered in determining whether a case is within the earlier or later provisions of the workmen's compensation act in relation to the compensation recoverable is the time of the injury. The right of the employee to compensation arises from the contractual relation between him and his employer existing at that time, and the statute then in force forms a part of the contract of employment and determines the substantive rights and obligations of the parties. No subsequent amendment in relation to the compensation recoverable can operate retrospectively to affect in any way the rights and obligations prior thereto fixed." This quo-

tation is supported by numerous decisions of appellate courts in various jurisdictions. Volume 2, Section 577, Schneider on Workmen's Compensation Law, contains this statement: "Amendments to the compensation act which affect the procedure only, and in no way interfere with the substantial rights of the parties, are retroactive in their operation and apply to cases which arose prior to the amendment. But where the amendment affects the substantive rights of the parties it has no retroactive effect. Thus questions of dependency are to be determined by the law in force at the time of the accident and not by the law as subsequently amended." This language is quoted with approval by this Court in *Hardin* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 198, 189 S. E. 670.

A construction which permits the 1949 Amendment to operate retrospectively and, in that manner, to impair or disturb the substantive rights of the parties affected also violates a fundamental and well established rule of statutory construction. That rule is that when two constructions may be placed upon a statute, one of which renders it constitutional and the other of which renders it unconstitutional, the courts will give the statute the construction which will sustain its constitutionality unless it is plain that the other construction is required. *Bennett* v. *Bennett,* 135 W. Va. 3, 62 S. E. 2d 273; *Simms* v. *County Court of Kanawha County,* 134 W. Va. 867, 61 S. E. 2d 849; *State* v. *Siers,* 103 W. Va. 34, 136 S. E. 504; *State* v. *Furr,* 101 W. Va. 178, 132 S. E. 504; *Eureka Pipe Line Company* v. *Hallanan,* 87 W. Va. 396, 105 S. E. 506; *Harrison* v. *Harman,* 76 W. Va. 412, 85 S. E. 646; *Coal and Coke Railway Company* v. *Conley and Avis,* 67 W. Va. 129, 67 S. E. 613; *Ex Parte Caldwell,* 61 W. Va. 49, 55 S. E. 910, 10 L.R.A., N. S., 172; *Webb* v. *Ritter,* 60 W. Va. 193, 54 S. E. 484; *Underwood Typewriter Company* v. *Piggott,* 60 W. Va. 532, 55 S. E. 664; *Charleston and S. Bridge Company* v. *Kanawha County Court,* 41 W. Va. 658, 24 S. E. 1002; *State* v. *Workman,*

35 W. Va. 367, 14 S. E. 9, 14 L.R.A. 600; *Hartley* v. *Henretta,* 35 W. Va. 222, 13 S. E. 375; *State* v. *Richards,* 32 W. Va. 348, 9 S. E. 245, 3 L.R.A. 705; *Slack* v. *Jacob,* 8 W. Va. 612; *Osburn* v. *Staley,* 5 W. Va. 85, 13 Am. Rep. 640; 11 Am. Jur., Constitutional Law, Section 97.

By prior decisions of this Court the principle is well established that when an injury results in the death of an employee the statute governing compensation to his dependents in effect at the time of the original injury controls the award and that the statute in force at the date of the death of the employee does not apply. *Lancaster* v. *State Compensation Commissioner,* 125 W. Va. 190, 23 S. E. 2d 601; *Hardin* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 198, 189 S. E. 670; *Cherry* v. *State Compensation Commissioner,* 115 W. Va. 180, 174 S. E. 889; *Carbon Fuel Company* v. *State Compensation Commissioner,* 111 W. Va. 639, 163 S. E. 62; *Jenkins V. Heaberlin, Compensation Commissioner,* 107 W. Va. 287, 148 S. E. 117. In *Hardin* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 198, 189 S. E. 670, this Court uses this language in point 1 of the syllabus: "In case of an injury resulting in the death of an employee, the statute governing compensation to the dependents of the deceased, in effect at the date of the original injury, controls the award, and not the statute in force at the date of the death of the employee." The general rule, supported by the decisions of appellate courts in several other States, is expressed in an annotation in 82 A.L.R. 1245 in these terms: "As regards the rights of relatives or dependents of a deceased employee to compensation, it is generally held that their rights are controlled by the law as it existed at the time of the injury to the employee, rather than the law as it existed at his death or at the time of the award, the theory being that the workmen's compensation act does not create new rights of action in the relatives or dependents of an employee on his death, but that his right merely survives for their benefit." The foregoing statement is also quoted with approval in the opinion in the *Hardin* case.

In support of its conclusion that the rights of a dependent of a deceased employee to the benefits provided by Section 10, Article 4, Chapter 23, Code, 1931, as amended, are governed by the statute in effect at the time of the death of the employee, the majority cites and relies upon point 1 of the syllabus in *Gibson* v. *State Compensation Commissioner*, 127 W. Va. 97, 31 S. E. 2d 555, which contains this language: "A claim for death benefits, provided for by Code, 23-4-10, is separate and distinct from an injured employee's claim for disability benefits." The language just quoted is, of course, a correct statement of law. That statement is clear and it means what it says; but it also means only what it says.

The syllabus in the *Gibson* case does not say, as the majority would have it say, that a claim for death benefits, being separate and distinct from the claim of an injured employee for disability benefits, is not governed by the statute in effect when the employee received the original injury which resulted in his death, or that the statute in force at the date of the death of the employee applies to a claim for death benefits under the statute. The *Gibson* case does not say and can not, by even a tortured construction, be held to say or mean that a separate and distinct claim for death benefits is controlled by the statute governing compensation in effect at the time of the death of the employee instead of the statute in effect at the time of his original injury.

Nor does the opinion in the *Gibson* case say or even indicate that a claim for death benefits, though a separate and distinct claim, is not dependent upon or is not controlled by the provisions of the statute which authorizes such claim and prescribes the essential requirements for its establishment. On the contrary, the opinion in the *Gibson* case, involving the claim of dependents arising not from silicosis but from an injury which resulted in the death of an employee, contains this pertinent statement: "There can, of course, be no equivocation that dependents' claim for compensation must be based upon

the employee's death resulting from injury within six years." As an essential ingredient of the claim of the dependents in the *Gibson* case was the death of the employee as a result of the injury, so also an essential ingredient of the instant claim is the death of the employee as a result of silicosis in the third stage accompanied by active tuberculosis of the lungs resulting in total and permanent disability.

Section 10, Article 4, Chapter 23, Code, 1931, as amended by Section 10, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, the statute in effect when the husband of the claimant was last injuriously exposed to silicon dioxide dust in harmful quantities, expressly provides that, with respect to silicosis, a dependent widow or invalid widower of a deceased employee shall be paid the benefits provided by the statute if the death of the employee results from determined third degree silicosis within six years from the date of his last injurious exposure to silicon dioxide dust in harmful quantities; and Section 6a, Article 4, of the same Act of 1945, also in effect when the husband of the claimant was last injuriously so exposed, declares that to constitute silicosis in the third stage the silicosis with which the employee is afflicted must be accompanied by active tuberculosis of the lungs resulting in total and permanent disability.

There is no conflict or inconsistency whatsoever between the holding of this Court in point 1 of the syllabus in *Gibson* v. *State Compensation Commissioner*, 127 W. Va. 97, 31 S. E. 2d 555, that "A claim for death benefits, provided for by Code, 23-4-10, is separate and distinct from an injured employee's claim for disability benefits." and the holding of this Court in point 1 of the syllabus in *Hardin* v. *Workmen's Compensation Appeal Board*, 118 W. Va. 198, 189 S. E. 670, that "In case of an injury resulting in the death of an employee, the statute governing compensation to the dependents of the deceased, in effect at the date of the original injury, controls the award, and not the statute in force at the date of the

death of the employee." The holding of this Court in each of the cases of *Lancaster* v. *State Compensation Commissioner*, 125 W. Va. 190, 23 S. E. 2d 601; *Cherry* v. *State Compensation Commissioner*, 115 W. Va. 180, 174 S. E. 889; *Carbon Fuel Company* v. *State Compensation Commissioner*, 111 W. Va. 639, 163 S. E. 62; and *Jenkins* v. *Heaberlin, Compensation Commissioner*, 107 W. Va. 287, 148 S. E. 117, accords with the decision in the *Hardin* case. The *Gibson* case simply and clearly decides that the claim of the dependent for death benefits is separate and distinct from the claim of an injured employee for disability benefits; and the *Hardin* case just as clearly decides that the claim for death benefits of a dependent of an employee, whose death results from an injury, is controlled by the statute governing compensation in effect at the date an employee received the original injury which resulted in his death and that the statute in effect at the date of his death does not apply to or control the claim of the dependent for death benefits. The principles enunciated and applied in those two cases, properly considered, demonstrate the manifest error in the conclusion of the majority that the statute in effect at the death of the employee resulting from his injury applies to and controls the claim of his dependents for death benefits. Certain it is that the conclusion reached by the majority on this decisive point is not sustained or justified by the decision of this Court in the *Gibson* case.

As the 1949 Amendment was clearly not intended to operate retrospectively and would not be valid if given that effect, the amendment does not affect or govern the instant claim. On the contrary the provisions of Section 6a, Article 4, Chapter 131, Acts of the Legislature, 1945, Regular Session, that an employee shall be deemed to have silicosis in the third stage when it is found by the commissioner that such employee has silicosis accompanied by active tuberculosis of the lungs resulting in total and permanent disability and that if the employee dies from silicosis within six years from the date of his

last injurious exposure to silicon dioxide dust in harmful quantities and the commissioner determines that he was suffering from silicosis in the third stage the benefits shall be in the amounts provided in Section 10 of the same Act, and the provision of Section 10 that the dependent widow or invalid widower shall be paid the benefits provided in that section if the death of the employee results from determined third degree silicosis within the foregoing period of six years, apply to and control the instant claim. Admittedly the claimant has not satisfied the requirements of these statutory provisions and, in consequence, she has not established her claim to an award of death benefits.

If, however, as the majority of this Court holds, Sections 6a and 10, Article 4, of the 1949 Amendment, instead of Sections 6a and 10, Article 4, of the Act of 1945, apply to and control this claim, it should nevertheless be denied under the holding of this Court in *Webb* v. *State Compensation Commissioner*, 138 W. Va. 21, 76 S. E. 2d 248, for the reason that the original award to the husband of the claimant was for silicosis in the second stage, instead of for silicosis in the third stage. Unlike the employee in the *Webb* case who had received an original award for silicosis in the third stage, the only award received by the husband of the claimant was for silicosis in the second stage.

In discussing the significance of a prior award to an employee of silicosis in the third stage, required by the 1949 Amendment, the opinion in the *Webb* case contains these statements: "It will be noticed that the language used in the 1945 Act and the 1949 Amendment is the same, except that the amendment substitutes the words 'and the commissioner has determined at the time of the original award that he (the employee) was suffering from silicosis in the third stage', for the words 'and the commissioner determines that he (the employee) was suffering from silicosis in the third stage'. The change in the wording effected by the amendment is, we think,

very significant. By the 1945 Act the commissioner, in the consideration of the claim of a dependent, was authorized to determine whether the employee had suffered silicosis in the third stage, while under the 1949 Amendment the question to be determined by the commissioner is whether there was a finding of third stage silicosis 'at the time of the original award'. The change effected by the amendment precludes the relitigation of the question, in a proceeding of a dependent claimant, as to whether the employee suffered silicosis in the third stage. No new right or claim is created by the amendment. The employer is merely prevented from relitigating a question which was, in a proper proceeding, previously decided against him."

The husband of the claimant was never awarded compensation for silicosis in the third stage and, according to the language just quoted from the opinion in the *Webb* case, the 1949 Amendment precludes any redetermination or relitigation of the question of the stage of the disease from which the employee was suffering at the time of the original award. The commissioner having determined at the time of the original award that the husband of the claimant was suffering from silicosis in the second stage, instead of from silicosis in the third stage, and the determination of the status of his disease being final and conclusive under the 1949 Amendment, his death did not result from determined third degree silicosis as provided and required by Section 10 of the 1949 Amendment. It will not do to say or hold, as does the majority, that the status of the disease of the employee can be redetermined in this proceeding at the instance of the claimant for death benefits but not at the instance of the employer. Under the 1949 Amendment, as interpreted and applied in the *Webb* case, the instant claim should be denied.

For the reasons stated and under the authorities cited in this dissenting opinion, I would deny the instant claim and I would affirm the final orders of the Workmen's

Compensation Appeal Board and the State Compensation Commissioner which rejected it.

I am authorized to say that Judge Browning concurs in the views expressed in this dissent.