## CHARLESTON.

### Burns *et al. v.* Hays *et al.*

Submitted January 31, 1898—Decided March 30, 1898.

1. Judgments—*Fieri Facias—Construction of Statute—Suits Pending.*

   Chapter 95, Acts 1891, requiring the issue and return of a *fieri facias* unsatisfied before a chancery suit to enforce the lien of a judgment, does not apply to suits pending when it went into force.    (p. 504).

2. Statutes—*Construction of Statute.*

   Statutes are to be construed, *prima facie,* as prospective in operation.    (p. 505).

3. Statutes—*Repeal of Statute—Re-enactment of Statute.*

   When a new statute repeals a former one, the provisions of the former one re-enacted never ceased to operate.    (p. 504).

4. Statutes—*Repeal of Statute—Suits Pending.*

   The repeal of a statute, as a general rule, if it does not destroy rights of action created by it, does not effect pending suits, but proceedings thereafter had will conform, as near as may be, to the procedure directed by the new act.    (p. 505).

Appeal from Circuit Court, Lewis County.

Bill by Burns Bros. and others against George W. Hays and others to subject lands. From a decree for plaintiffs, defendants appeal.

*Affirmed.*

LINN & WITHERS, for appellants.

W. E. HAYMOND, for appellees.

BRANNON, PRESIDENT:

The point is made with confidence that, though this suit began before the statute requiring that before a suit can be brought to enforce a judgment lien there must be a *fieri facias* returned unsatisfied, that statute will dismiss the suit, unless an amendment can be made to allege that fact; and that, as the bill contains no such allegation, the demurrer should have been sustained, and the decree is to be reversed. Code, c. 139, s. 7, as it was before the act of 1891 amending it, gave a right to sue in equity to enforce a judgment lien, and the act of 1891 amending and re-enacting this section continued the right to this suit, and never did the right to it cease for a moment. The repeal of a statute leaves it as though it had never existed, except as to closed transactions; but where the new statute re-enacts any of its provisions they are considered as never ceasing for a moment. *State* v. *Mines*, 38 W. Va., 125, Syl. point 7, (18 S. E. 470); *Curran* v. *Owens*, 15 W. Va., 208. The parts of the old act left out are gone; the new ones come with the new act for the first time. This right to this suit continued under the new act. It did make the prerequisite to such a suit that a fruitless execution should be alleged in the bill to save it from demurrer. Does this change affect a pending suit? Of course, in cases like *Curran* v. *Owens, supra*, where the very right of action is born of a statute, and that is unconditionally repealed, actions pending under it go with it. But this new statute continued the cause of suit. It only required a new circumstance or fact to warrant it. I discussed this subject in *Moore* v. *McNutt*, 41 W. Va., 702, (24 S. E. 682). We must say that this act applies only to suits thereafter brought under the

rule firmly settled in this Court that all statutes, remedial included, shall be construed to apply to future transactions, unless the contrary intention is inevitable. *State* v. *Mines, supra; Maslin's Ex'rs* v. *Hiet*, 37 W. Va., 15, (16 S. E. 437). "In general, when the law is altered pending an action, the rights of the parties are decided according to the law as it existed when the action was begun, unless the new statute shows a clear intention to vary such rights." End. Interp. St. § 282. An act saying, "In all cases where hereafter any injunction shall be wholly dissolved, the bill shall stand dismissed," was held not to apply to bills filed before the act. *Gallego* v. *Quesnall*, 1 Hen. & M. 204. An act giving damages on affirmance of decrees was held not to apply to appeals pending at the date of the act. *Beatty* v. *Smith*, 2 Hen. & M. 395. So the act giving assignee of a bond suit in his own name was held to apply only to suits thereafter brought. *Craig* v. *Craig*, 1 Call. 483. It cannot be fairly considered that it was the intent by the amendment to destroy suits then pending; to clog a right of suit existing, and actually adopted by a suitor, with this condition,—even if we say the legislature had power to do so. See cases cited in *State* v. *Mines*, 38 W. Va., 134, (18 S. E. 470); *Walker* v. *Burgess*, 44 W. Va., 399, (30 S. E. 99), and *Casto* v. *Greer*, 44 W. Va., 332, (30 S. E. 100).

*The Merits.* If the fact were that the land was purchased by George W. Hays as the agent and with the money of S. A. Hays, it would very plainly not be liable for judgments against George W. Hays, no matter when rendered, as creditors have only right to subject such estate as their debtor has, and, if he holds in trust for another, it is not liable for his debts. *Snyder* v. *Botkin*, 37 W. Va., 355, (16 S. E. 591). But the learned and able circuit judge found that such was not the fact. This finding was dependent alone on inferences and deductions from evidence, oral and documentary, upon mere weight of evidence, much of it conflicting, and upon inspection of the paper alleged to create the trust; and this Court has repeatedly said that, where a decree rests on depositions conflicting and of such doubtful character that different judges might reasonably differ as to their effect, the appellate court will not reverse the finding on mere facts by the chancellor,

though the testimony be such that the appellate court might have reached a different decree. *Reger* v. *O'Neal*, 33 W. Va., 159, (10 S. E. 375); *Bartlett* v. *Cleavenger*, 35 W. Va., 719, (14 S. E. 273). I regard the finding as correct; but, if it were not so, we could not reverse unless we thought the finding plainly wrong. I shall not detail evidence. I do not think it necessary, or even proper, to cumber the reports with mere evidence, or even the facts. They are intended to expound law principles only.

Some of the land was sold for taxes to Conrad, who assigned his purchase to Kidd, who took a deed under this purchase. Kidd did not negotiate for this assignment, but G. W. Hays did, and paid for it, as Conrad swore. Kidd was a witness but gave no statement about this tax matter, not defending his right under it. Under these and other circumstances the court considered this a redemption by G. W. Hays. It is argued here that the decree is erroneous, because it sets aside the tax deed, and restores the title to the former owner, instead of subjecting the land to the debt. The former owner is not a party, and the decree does not set aside the tax deed wholly, but only "as to said debt" of plaintiff. Of course, if a redemption it would inure to the benefit of Hays' creditors.

*Affirmed.*