J. S. Taylor

*v.*

State Compensation Commissioner and
Stone Mountain Coal Company

(No. 10711)

Submitted January 12, 1955.   Decided March 8, 1955.

*Franklin W. Kern, R. Jack Canterbury,* for appellant.

*Lynn C. Johnson, Strother & Christie,* for appellee.

HAYMOND, JUDGE:

The question presented for decision upon this review of an order of the Workmen's Compensation Appeal Board entered October 15, 1954, is whether, under the present statute, Section 16, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, a claim for additional compensation of J. S. Taylor who, as an employee, was injured October 11, 1919, may be reopened and an increased award granted upon an application filed by him in March, 1954.

On October 11, 1919, the claimant J. S. Taylor received an injury to his right hand in the course of and resulting from his employment with the Stone Mountain Coal Company, his employer. For this injury the claimant was originally granted an award of ten per cent permanent partial disability. On the ground that aggravation and progression of the condition of the claimant had resulted from the injury, the claim was reopened by the State Compensation Commissioner, upon the application of the claimant, and he was awarded an additional ten per cent permanent partial disability by the State Compensation Commissioner on July 2, 1938. Each award of ten per cent permanent partial disability has been paid to the claimant.

The claimant took no further action in the matter until March, 1954, when he filed an application in which he alleged aggravation and progression of his condition since his last examination and requested the State Compensation Commissioner to reopen the claim. By order entered July 16, 1954, the State Compensation Commissioner denied the relief prayed for on the ground that he did not have

jurisdiction to consider the claim. Upon appeal by the claimant to the Workmen's Compensation Appeal Board, by order entered October 15, 1954, the order of the State Compensation Commissioner of July 16, 1954, denying the claim, was reversed and set aside, and the case was remanded to the State Compensation Commissioner with directions to reopen the claim. From that order of the board this Court granted this review upon the petition of the State Compensation Commissioner.

The statute in effect when the claimant was injured in October 1919, Chapter 10, Acts of the Legislature, 1913, Regular Session, which placed the administration of the workmen's compensation fund in the Public Service Commission of this State, contained this provision in Section 40 of the act: "The power and jurisdiction of the commission over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion, may be justified."

By Chapter 9, Acts of the Legislature, 1915, Regular Session, the office of State Compensation Commissioner was created and authority to administer the workmen's compensation fund was vested in that officer; and Section 40 of the Act of 1913 was reenacted with that change.

Chapter 71, Acts of the Legislature, 1929, Regular Session, amended and reenacted Section 40 of the 1913 statute in this form: "The power and jurisdiction of the commissioner over each case shall be continuing, and he may from time to time, after due notice to the employer, make such modifications or change with respect to former findings or orders with respect thereto as in his opinion may be justified; *provided,* no further award may be made except, within one year after death of employee in fatal cases, or, except in case of non-fatal injuries within two years after payments for temporary disability shall have ceased and within one year after the commissioner shall have made the last payment in any permanent disability case."

This section as amended and reenacted and as redrafted without substantial change by the revisers was incorporated as Section 16, Article 4, Chapter 23, of the Code of 1931.

By Chapter 78, Acts of the Legislature, 1935, Regular Session, Section 16 was amended and reenacted. The amendment changed the one year period to two years in fatal cases and the two year period to three years after payments for temporary disability and added a new provision which is not pertinent to the questions here involved and need not be set forth in this opinion.

By Chapter 137, Acts of the Legislature, 1939, Regular Session, the section was again amended and reenacted and as amended contained this language: "The power and jurisdiction of the commissioner over each case shall be continuing, and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: *Provided,* That no further award may be made in fatal cases arising after March seventh, one thousand nine hundred twenty-nine, except within two years after the death of the employee, or, in cases of non-fatal injuries on and after March seventh, one thousand nine hundred twenty-nine, except within three years after payments for temporary disability shall have ceased and within one year after the commissioner shall have made the last payment in any permanent disability case: *And provided further,* That no further award may be made in either fatal or non-fatal cases arising on account of injuries occurring prior to March seventh, one thousand nine hundred twenty-nine, unless written application for such award, signed personally by claimant, or, in case of claimant's infancy or physical or mental incapacity, by his or her guardian, next friend, or committee, be filed with the commissioner on or before September fifteenth, one thousand nine hundred thirty-nine. In any case in which an injured employee shall make application for a further adjustment of his claim, if such application be in writing and filed within the applicable time limit as prescribed by

the next preceding paragraph, the commissioner shall pass upon and determine the merits of such application within thirty days after the filing thereof."

After a minor amendment by Chapter 131, Acts of the Legislature, 1945, Regular Session, the present statute, Section 16, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, amended and reenacted the section which now contains these provisions: "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: *Provided, however,* That no further award may be made in fatal cases arising after March seventh, one thousand nine hundred twenty-nine, except within two years after the death of the employee, or, in case of non-fatal injuries, on and after March seventh, one thousand nine hundred twenty-nine, except within three years after payments for temporary disability shall have ceased or within one year after the commissioner shall have made the last payment in any permanent disability case: *And provided further,* That no such modification or change may be made in any case in which no award has been made, except within three years after the date of injury. In any case in which an injured employee shall make application for a further adjustment of his claim, if such application be in writing and filed within the applicable time limit as prescribed herein, the commissioner shall pass upon and determine the merits of such application within thirty days after the filing thereof."

It should be observed that the provision that power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time make such modifications or changes with respect to former findings or orders as may be justified, in substantially its present form, has been incorporated in the statute, by each enactment, since the Act of 1913; and that the provision of the Act of 1939 that no further award should be made in cases arising from injuries occurring prior to March 7, 1929,

unless written application be filed on or before September 15, 1939, was omitted from the present statute when it was enacted in 1949.

The State Compensation Commissioner, upon whose petition this review was granted, contends that the provision in the statute enacted in 1939 limiting to September 15, 1939, the time in which to file an application for any further award in cases arising on account of an injury occurring prior to March 7, 1929, barred the claimant of any additional award after September 15, 1939; that the statute, as so amended in 1939, is still in effect and has not been repealed; and that the State Compensation Commissioner is without jurisdiction to consider or make any further award to the claimant in connection with the injury received by him in 1919.

In opposition to the contentions of the State Compensation Commissioner the claimant insists that the provision in the statute enacted in 1939, limiting to September 15, 1939, the time in which to file an application for any further award in cases arising on account of an injury occurring prior to March 7, 1929, did not operate as a bar to the right of the claimant to file an application for an additional award after September 15, 1939; that the foregoing provision enacted in 1939 was repealed by Section 16, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, which omitted that provision; and that the reenactment of the provision of the prior statutes relating to the continuing power and jurisdiction of the commissioner over each compensation case to make from time to time such modifications or changes with respect to former findings or orders as may be justified, without any limitation of time in connection with cases arising on account of injuries occurring prior to March 7, 1929, restored and made effective that provision without limitation of time in such cases.

It is well settled by the decisions of this Court that the relations between employer and employee under the Workmen's Compensation Law, acceptance of the statute being optional, are contractual in their nature and that the

rights of a claimant to compensation for an injury are determinable as of the date of the injury. *Lancaster* v. *State Compensation Commissioner,* 125 W. Va. 190, 23 S. E. 2d 601; *Lester* v. *State Compensation Commissioner,* 123 W. Va. 516, 16 S. E. 2d 920; *Hardin* v. *Workmen's Compensation Appeal Board,* 118 W. Va. 198, 189 S. E. 670.

The constitutionality of the provision of the Act of 1939, which limited the time to September 15, 1939, in which to file an application for any further award in cases arising on account of an injury occurring prior to March 7, 1929, has been upheld by this Court. *Greer* v. *Workmen's Compensation Commissioner,* 123 W. Va. 270, 15 S. E. 2d 175; *Consentina* v. *The State Compensation Commissioner,* 127 W. Va. 67, 31 S. E. 2d 499.

In the *Greer* case, in considering the time limitation provision of the Act of 1939, this Court held, in point 2 of the syllabus, that "Section 16, Chapter 137 of the Acts of the Legislature, 1939, enacted on, and in effect from, March 11, 1939, which prohibits any award under the Workmen's Compensation Law, in cases arising on account of injuries occurring prior to March 7, 1929, unless application therefor be made on or before September 15, 1939, bars the claim of a workman who suffered injury June 6, 1919, for which he was paid compensation to June 21, 1923, who, by a petition filed August 3, 1940, seeks additional compensation for total permanent disability alleged to have existed continuously from the date of his injury." In the opinion with reference to the foregoing time limitation provision of the Act of 1939 this Court said:

"This provision of the statute is perfectly consistent with many other provisions of our Workmen's Compensation Law by which a claimant is required to act within a prescribed time or lose his benefits. * * *. If, therefore, we consider this statute as requiring this particular claimant to have presented his claim contained in his petition before September 15, 1939, how does such a requirement in legal effect differ from the other provisions of the statute requiring such claimant to present and prosecute his claim within a fixed period?

"Our statutes are full of provisions requiring claims, contractual and tortious, to be prosecuted within limited times. In fact, we think of no other legal claim which is without a time limit in its enforcement. Is a workman's compensation claim inherently of such a different character or of such higher sanctity that it should be singled out and held immune to a statute of limitations? It is universally held that the legislature may establish, or lengthen, or shorten, the time within which any sort of judicial, or quasi judicial, proceeding may be instituted for the enforcement of legal rights, provided a reasonable time be allowed for the instituting of proceedings on rights then existing. *Allen* v. *Mottley Const. Co.,* 160 Va. 875, 170 S. E. 412; *Wilson* v. *Iseminger,* 185 U. S. 55, 22 S. Ct. 573, 46 L. Ed. 804; *Smith & Marsh* v. *Northern Neck Mut. F. Ass'n.,* 112 Va. 192, 70 S. E. 482, 38 L. R. A. (N. S.) 1016; *Lewis* v. *Crowell,* 205 Mass. 497, 91 N. E. 910.

"These statutes have never been held to contravene the constitutional provision against the impairment of a contract. They do not impair the contract, but merely require prompt enforcement thereof. They do not destroy or affect any vested interest or right. * * *."

In the later case of *Consentina* v. *The State Compensation Commissioner,* 127 W. Va. 67, 31 S. E. 2d 499, in dealing with the same statutory provision, this Court held, in point 3 of the syllabus, that "An application for a further award of compensation, filed in 1937 in a form at that time sufficient, by one who had received an award of permanent partial disability, for injuries received in 1924, if undisposed of at the effective date of Chapter 137 of the Acts of 1939, and which does not meet the requirements of the last proviso in Section 16, Article 4 of that Chapter, is barred by that statute after the 15th day of September, 1939." In the opinion, in discussing the effect of the time limitation provision, this Court used this language: "But this statute is something in addition to a statute of limitations. In the first place, the very form of the statute is different from, and more imperative than, the ordinary statute of limitations, or remedial act, which generally

provides merely that the parties shall or shall not do certain things in a certain manner or by a certain time. Here, the inhibition is against the public officer, depriving him of power to act. The provision is that 'no further award may be made'; rather than that no claim may 'be filed'. This inhibition is absolute, containing no exceptions and admitting of none. * * *."

Under the decisions of this Court in the two above cited cases, the provision of Section 16, Article 4, Chapter 137, Acts of the Legislature, 1939, Regular Session, prohibiting any further award in cases arising on account of injuries occurring prior to March 7, 1929, unless written application be filed with the State Compensation Commissioner on or before September 15, 1939, operated as an absolute bar to any further award on account of injuries arising prior to March 7, 1929, and deprived the State Compensation Commissioner of power and jurisdiction to consider or make any such award upon any application filed in such cases after September 15, 1939.

In the opinion in *Blevins* v. *State Compensation Commissioner*, 127 W. Va. 481, 33 S. E. 2d 408, discussing the provision relating to the continuing power and jurisdiction of the Public Service Commission over workmen's compensation cases contained in Section 40, Chapter 10, Acts of the Legislature, 1913, Regular Session, which statute was the first Workmen's Compensation Law enacted in this State and which power and jurisdiction were transferred to and conferred upon the State Compensation Commissioner by Chapter 9, Acts of the Legislature, 1915, Regular Session, which so amended Section 40 of the original act, this Court said: "Of course, there can be no doubt that if the Legislature, which in this respect is all-powerful, could create jurisdiction, it may limit the same in any way it chooses. No one has a vested right in any statute, unless it be as to claims arising prior to any change therein, and then only in cases where substantial rights, as distinguished from remedies, are involved. So we think it clear that the continuing jurisdiction provision of the compensaton law, contained in the original act, was

never intended to be employed or used beyond the limits prescribed by the Legislature."

The claimant complains of the short period of time which elapsed between the date of the increased award of ten per cent granted him by the State Compensation Commissioner on July 2, 1938, and September 15, 1939, and asserts in support of his claim for an additional award that within that time there was no change in his condition by aggravation or progression which would enable him to file an application for an additional award before September 15, 1939. That the condition of the claimant remained substantially unchanged with respect to aggravation or progression between July 2, 1938, and September 15, 1939, is of no consequence with regard to the effect of the limitation provision of the statute and, of course, could not and did not suspend its operation or extend the limitation of time which it imposed. Though the provision was omitted from the present statute, enacted in 1949, it remained in the statute from March 11, 1939, its effective date, until its omission from the act of 1949, a period of approximately ten years, and continued in force and effect for a sufficient period to accomplish its purpose of barring all claims for further awards in all cases arising on account of injuries occurring prior to March 7, 1929, in which applications for such awards were not filed before September 15, 1939, which, of course, included the present claim of the applicant, J. S. Taylor.

The effect of the enactment of Section 16, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, which amended and reenacted Section 16, Article 4, Chapter 23, Code, 1931, as amended by Section 16, Article 4, Chapter 137, Acts of the Legislature, 1939, Regular Session, and which enactment of 1949 omitted the time limitation provision relating to any further award in cases arising on account of injuries occurring prior to March 7, 1929, was to repeal that provision of the statute. *Rhodes* v. *J. B. B. Coal Company,* 79 W. Va. 71, 90 S. E. 796; *Stephenson* v. *Cavendish,* 134 W. Va. 361, 59 S. E. 2d 459, 19 A. L. R. 2d 720. In the *Rhodes* case this Court held that when parts

of a prior statute are omitted from a later statute which revises the prior statute the parts omitted are not to be revived by construction but are to be considered as annulled. In that case this Court said: "It seems to be a well settled rule of construction that when a statute is revised, or one act framed from another, some parts being omitted, the parts omitted are not to be revived by construction, but are to be considered as annulled. The Supreme Court of Massachusetts, in *Ellis* v. *Paige,* 1 Pick. 43, 45, says: 'To hold otherwise would be to impute to the legislature gross carelessness or ignorance; which is altogether inadmissible.' This rule has been fully recognized and stated in its fullness by a standard writer on statutory construction, 1 Lewis' Sutherland on Statutory Construction, (2d ed.), section 270, with copious citation of decisions in the notes. See, also, *Combined Saw and Planer Co.* v. *Flournoy,* (Va.) 14 S. E. 976." In the *Stephenson* case this Court said that a portion of an earlier statute, Section 138, Chapter 6, Acts of the Legislature, 1923, Regular Session, which was omitted from the Code revision of 1931 was, by reason of such omission, repealed by Section 1, Article 1, Chapter 63 of that Code.

Though Section 16, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, by omitting the time limitation provision with respect to further awards in cases arising on account of injuries occurring prior to March 7, 1929, repealed that provision in the 1939 enactment of the section, the 1949 enactment did not restore the continuing jurisdiction provision as it existed in the original act or give the continuing jurisdiction provision in the 1949 enactment the effect of extending it without restriction to cases arising on account of injuries occurring prior to March 7, 1929. The clear intent of the Legislature in enacting the time limitation provision with respect to cases arising on account of injuries occurring prior to March 7, 1929, in Section 16, Article 4, Chapter 137, Acts of the Legislature, 1939, Regular Session, was to bar, without exception, any further award in all cases of that character in which no application for a further award

was filed before September 15, 1939; and the enactment of that provision in Section 16, Article 4, Chapter 137, Acts of the Legislature, 1939, Regular Session, accomplished that purpose. By virtue of that enactment all claims for further awards in cases arising on account of injuries occurring prior to March 7, 1929, in which no application was filed before September 15, 1939, were finally ended and terminated to the extent that no further award could be made in any of them by the State Compensation Commissioner. At the time the Legislature enacted Section 16, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, it was presumed to know the effect of the time limitation provision in the 1939 enactment; and it did not intend, in enacting the present statute, to restore or reenact, without limitation in time with respect to any further award in cases arising on account of injuries occurring prior to March 7, 1929, the continuing jurisdiction provision in the enactments of the statute which had been made before the enactment of the time limitation provision in the 1939 enactment.

Section 9, Article 2, Chapter 2, Code, 1931, provides that when a law which has repealed another is itself repealed the former law shall not be revived without express words for that purpose. That section, however, does not apply to the repeal of a statute which merely qualifies or limits or excepts something from another statute; and repeal of a statute of that type leaves the original statute in full force and vigor. *White* v. *Wirt County Court,* 63 W. Va. 230, 59 S. E. 884, 59 S. E. 981. The present statute, Section 16, Article 4, Chapter 136, Acts of the Legislature, 1949, Regular Session, did not repeal a statute which merely qualified or limited or excepted something from another statute of the type considered and dealt with in the *White* case. On the contrary the present statute completely revised the former statutes in relation to the continuing power and jurisdiction of the State Compensation Commissioner to permit him to make modifications or changes with respect to former findings or orders, imposed specified time limitations in cases arising on account of injuries

occurring after March 7, 1929, omitted any reference to cases arising on account of injuries occurring prior to March 7, 1929, further awards in which had been barred for approximately ten years by the 1939 enactment, and constituted a substitute for the earlier statutes which dealt with those matters. "A subsequent statute, which revises the whole subject matter of a former statute, and which is evidently intended by the Legislature as a substitute for such former statute, although it contains no express words to that effect, operates to repeal the former statute." Point 1, syllabus, *State* v. *Hinkle,* 129 W. Va. 393, 41 S. E. 2d 107. See also *Elite Laundry Company* v. *Dunn,* 126 W. Va. 858, 30 S. E. 2d 454; *Grant* v. *Baltimore and Ohio Railroad Company,* 66 W. Va. 175, 66 S. E. 709; *State* v. *Harden,* 62 W. Va. 313, 58 S. E. 715, 60 S. E. 394; *State* v. *Mines,* 38 W. Va. 125, 18 S. E. 470; *Herron* v. *Carson,* 26 W. Va. 62; *Conley* v. *Supervisors of Calhoun County,* 2 W. Va. 416.

It is manifest that the present statute was not intended to operate retroactively to cases arising on account of injuries occurring prior to March 7, 1929. It makes no mention whatsoever of any cases of that character. If the Legislature had intended the present statute retroactively to affect or apply to such cases it would doubtless have so provided by clear, strong and unmistakable language. This it did not do. The presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect. *State ex rel. Conley* v. *Pennybacker,* 131 W. Va. 442, 48 S. E. 2d 9; *Vest* v. *Cobb,* 138 W. Va. 660, 76 S. E. 2d 885; *Webb* v. *State Compensation Commissioner,* 138 W. Va. 21, 76 S. E. 2d 248; *City of Beckley* v. *Hatcher,* 136 W. Va. 169, 67 S. E. 2d 20; *Lester* v. *State Compensation Commissioner,* 123 W. Va. 516, 16 S. E. 2d 920; *Central Trust Company* v. *Hall,* 106 W. Va. 687, 146 S. E. 825; *Fairmont Wall Plaster Company* v. *Nuzum,* 85 W. Va. 667, 102 S. E. 494; *Harrison* v. *Harman,* 76 W. Va. 412, 85 S. E. 646; *Thomas* v. *Higgs,* 68

W. Va. 152, 69 S. E. 654, Ann. Cas. 1912A, 1039; *Barker* v. *Hinton,* 62 W. Va. 639, 59 S. E. 614, 13 Ann. Cas. 1150; *Burns* v. *Hays,* 44 W. Va. 503, 30 S. E. 101; *Walker* v. *Burgess,* 44 W. Va. 399, 30 S. E. 99, 67 Am. St. Rep. 775; *Casto* v. *Greer,* 44 W. Va. 332, 30 S. E. 100; *Rogers* v. *Lynch,* 44 W. Va. 94, 29 S. E. 507; *State* v. *Mines,* 38 W. Va. 125, 18 S. E. 470; *Fowler* v. *Lewis's Adm'r.,* 36 W. Va. 112, 14 S. E. 447; *Stewart* v. *Vandervort,* 34 W. Va. 524, 12 S. E. 736, 12 L. R. A. 50; *Murdock* v. *Franklin Insurance Company,* 33 W. Va. 407, 10 S. E. 777, 7 L. R. A. 572. The present statute operates prospectively, not retrospectively, and it does not apply to the exercise of jurisdiction by the State Compensation Commissioner over cases arising on account of injuries occurring prior to March 7, 1929, or vest in him jurisdiction to make any further award in cases of that character.

The order of the Workmen's Compensation Appeal Board of October 15, 1954, is reversed; the order of the State Compensation Commissioner of July 16, 1954, is reinstated; and this proceeding is remanded to the State Compensation Commissioner with directions that it be dismissed.

*Reversed and remanded with directions.*