WALTER D. LOVELESS

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER, *and* BOGGESS, INC., HOUSE MOVERS

(No. 13120)

Submitted September 7, 1971.    Decided October 19, 1971.

*Pauley, Curry & Sovick, Arden J. Curry,* for appellant.

BERRY, JUDGE:

This is an appeal by Walter D. Loveless from an order of the Workmen's Compensation Appeal Board of May 27, 1971, which affirmed an order of the State Workmen's Compensation Commissioner of November 6, 1970, which held that the employee's petition to reopen his claim was barred under the provision of Chapter 23, Article 4, Section 16 of the West Virginia Code, as amended, because more than one year had elapsed since the last payment on a permanent partial disability award.

The claimant, while an employee of Boggess, Inc., House Movers, sustained multiple electric burns and injuries to his lower back in 1965. His claim was held compensable, and on November 15, 1968, the Commissioner granted claimant a 30% permanent partial disability award. The last payment on the award was made in June, 1969. On September 3, 1970, the appellant requested in writing that the claim of the appellant be reopened and submitted a medical report which recommended an additional 10% permanent partial disability award. On November 6, 1970, the Commissioner entered an order holding that the claim had become barred under the provisions of Code, 23-4-16, as amended, because more than one year had elapsed since the last payment on the permanent partial disability award, and that the Commissioner was without jurisdiction to give the claim further consideration. This order

was affirmed by the Workmen's Compensation Appeal Board.

Prior to July 1, 1970, Code, 23-4-16, as amended, provided that no further awards in any permanent disability case for non-fatal injuries could be made except within one year after the Commissioner had made the last payment on a disability award. The legislature, during its regular 1970 session, amended this section of the Code to provide for authority in the Commissioner to make further awards in permanent disability cases no more than two times within five years after the last payment in any permanent disability case. The amendment to this section became effective July 1, 1970. The appellant received his last check on July 2, 1969, and contends that he still had time to reopen his claim on July 1, 1970, when the amendment to this section became effective. The appellant also contends that the new amendment which became effective July 1, 1970, repealed the old statute; and was a procedural change which operates retrospectively.

There is no merit to the contention of the appellant that the reenacted statute repealed the old statute. The legislature merely amended the old statute by substituting the language "not more than two times within five years" for "within one year". The remainder of the statute is the same with regard to the other limitations and provisions. 82 C.J.S., *Statutes*, § 295, page 505; *State ex rel. Warder v. Gainer*, 153 W.Va. 35, 167 S.E.2d 290.

The only question involved in this case is whether this change operates retrospectively or prospectively.

The general rule is that statutes are construed to operate in the future only and are not given retroactive effect unless the legislature clearly expresses its intention to make them retroactive. *Stewart v. Vandervort*, 34 W.Va. 524, 12 S.E. 736; *Jenkins v. Heaberlin*, 107 W.Va. 287, 148 S.E. 117; *Taylor v. State Compensation Commissioner*, 140 W.Va. 572, 86 S.E.2d 114; *Roderick v. Hough, et al.*, 146 W.Va. 741, 124 S.E.2d 703. This principle is clearly stated in point 4 of the syllabus of the case of *Taylor v. State*

*Compensation Commissioner, supra,* as follows: "The presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect."

It is true that purely remedial statutes which in no way affect substantial rights are held to be retroactive in their operation. However, it has been held that statutes of limitations are not purely remedial statutes and are no exception to the rule that they operate prospectively. 100 C.J.S., *Workmen's Compensation,* § 436, p. 301; *State* v. *Mines,* 38 W.Va. 125, 18 S.E. 470; *Wilson* v. *New Mexico Lumber & Timber Co.,* 42 N.M. 438, 81 P.2d 61; *Nasci* v. *Frank Paxton Lumber Co.,* 69 N.M. 412, 367 P.2d 913. This is clearly expressed in point 6 of the syllabus of the case of *State* v. *Mines, supra,* in the following language: "Statutes of limitations are no exceptions to the rule that statutes are *prima facie* to be given only prospective operation."

It is well settled that Workmen's Compensation statutes are considered to be a contractual relationship between the employer and the employee and cannot have retroactive effect to change or to impair the obligation of a contract. 99 C.J.S., *Workmen's Compensation,* § 14, p. 64; *Hardin* v. *Workmen's Compensation Appeal Board,* 118 W.Va. 198, 189 S.E. 670; *Lester* v. *State Compensation Com'r.,* 123 W.Va. 516, 16 S.E.2d 920; *State ex rel. Conley* v. *Pennybacker,* 131 W.Va. 442, 48 S.E.2d 9; *Maxwell* v. *State Compensation Director,* 150 W.Va. 123, 144 S.E.2d 493.

The principle of contractual relationship between employer and employee in compensation statutes is succinctly stated in point 2 of the syllabus of the case of *Maxwell* v. *State Compensation Director, supra,* wherein it is said: "The workmen's compensation statutes, including amendments thereof, become an integral part of and must be read into the contract of employment existing between the employer and the employee."

For the reasons stated herein the order of the State Workmen's Compensation Appeal Board affirming the order of the State Workmen's Compensation Commissioner is affirmed.

*Affirmed.*