WOODROW EGGLETON

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

DOUGHERTY COMPANY, INC.

(No. 13563)

*and*

JAMES H. JOHNSON

*v.*

STATE WORKMEN'S COMPENSATION COMMISSIONER

*and*

MOUNTAIN STATE TRUCKING CO.

(No. 13564)

Decided May 20, 1975.

*Edward G. Atkins and John R. Mitchell* for appellants.

No counsel for appellees.

HADEN, CHIEF JUSTICE:

Claimants Woodrow Eggleton and James H. Johnson appeal adverse decisions of the Workmen's Compensation Appeal Board, affirming the Workmen's Compensation Commissioner's refusal to reopen their claims for additional disability rating on the ground that more than one year had elapsed from and after the date of last payment of the respective permanent partial disability awards to the claimants, thereby barring any reopening of the claims.

The facts engendering these appeals are not in dispute and, except as stated in the issue, are not material to the resolution of these cases. The single legal issue presented for decision is as follows: Does the Commissioner have jurisdiction under *W. Va. Code* 1931, 23-4-16, as amended, effective July 1, 1971, to consider claimants' petitions to reopen and modify permanent partial disability awards which were based upon compensable injuries sustained prior to July 1, 1970, when the last payments for such awards, or increase thereto, were made by the Commissioner subsequent to July 1, 1971?

The predecessor provision to *W. Va. Code* 1931, 23-4-16, as amended, which was controlling prior to July 1, 1970, when claimants' compensable injuries were sustained, precluded "reopening" and modification of a prior award "one year after the commissioner shall have made

the last payment in any permanent disability case." By legislative enactment effective July 1, 1970, the time limitation for petitions to reopen was expanded to "not more than two times within five years after the commissioner shall have made the last payment in any permanent disability case. . . ." Then, through passage of Chapter 177, Acts, Regular Session, 1971, effective July 1, 1971, the statute was amended again to provide, *inter alia:*

> "The power and jurisdiction of the commissioner over each case shall be continuing and he may from time to time, after due notice to the employer, make such modifications or changes with respect to former findings or orders as may be justified: Provided, that no further award may be made . . . in case of nonfatal injuries . . . , except . . . not more than two times within five years after the commissioner shall have made the last payment *in the original award or any subsequent increase thereto* in any permanent disability case: . . . ." (Emphasis supplied).

Thus, the "reopening" proviso, as emphasized, evolved from a provision allowing the reopening of prior awards on an annual basis from the date of the last payment, to a new statutory scheme allowing reopening twice within a five-year period from the date of "the last payment in the original award *or any subsequent increase thereto* . . . ." (Emphasis supplied).

As noted, the records in these cases reveal that claimants suffered nonfatal compensable permanent injuries which were recognized by awards of permanent disability from the Workmen's Compensation Fund made prior to the effective date of the 1970 amendment to *W. Va. Code*, 23-4-16. The records also demonstrate, however, that the Commissioner made payments pursuant to modifications of the original awards on reopenings on and after July 1, 1971, thus clearly bringing claimants' present applications to reopen within the contemporary provisions of the more liberalized reopening procedure authorized by the last relevant amendment to the statute. Hence, although claimants' present petitions

for reopening were filed more than one year from the date of the last payment received under the original award or subsequent modification thereto, the claims are seasonable by reason of having been filed not more than two times within five years after the Commissioner shall have made "the last payment in the original award or any subsequent increase thereto. . . ."

In refusing claimants' applications to reopen, the Workmen's Compensation Appeal Board and the Commissioner apparently misconstrued the effect of the 1970 and 1971 amendments to *W. Va. Code*, 23-4-16 and the decision of *Loveless v. State Workmen's Compensation Commissioner*, W. Va., 184 S.E.2d 127 (1971). That case held that the Commissioner lost jurisdiction to consider a claimant's petition to reopen because more than one year had elapsed since the last payment on a permanent partial disability award granted prior to the adoption of the more liberalized "time" proviso in the statute. The *Loveless* case is inapposite to the facts at hand since, there, the claimant had received his last permanent disability award payment both before the effective date of the 1970 amendment and more than one year prior to filing his petition to reopen.

As noted, both claimants in the instant appeals received payments subsequent to the effective dates of the more liberalized reopening provisions. It is unnecessary, therefore, in these cases to construe the amendments to the statute so as to give them a retrospective effect in order to allow consideration of claimants' applications for reopening. Claimants here, having received a last payment subsequent to the modifications of the statute, are entitled to the benefit of its plain provisions. Where a statute is plain and unambiguous, a court has a duty to apply and not to construe its provisions. *State v. Pataches*, 96 W. Va. 203, 122 S.E. 545 (1924), *syllabus* point 3.; *Kelley & Moyers v. Bowman*, 68 W. Va. 49, 69 S.E. 456 (1910), *syllabus* point 1. See also, *Bennett v. Hix*, 139 W. Va. 75, 83, 79 S.E.2d 114, 118 (1953); *Raynes v. Nitro*

*Pencil Company*, 132 W. Va. 417, 419, 52 S.E.2d 248, 249 (1949). The Commissioner has jurisdiction.

For the foregoing reasons, the orders of the Workmen's Compensation Appeal Board, providing the basis for this appeal, are reversed and the cases are remanded to the Commissioner with directions to assume jurisdiction and to consider claimants' petitions to reopen and modify prior awards.

*Reversed and remanded
with directions.*