# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 13-1061** (Webster County 11-F-24)

**Marc Alderman,**
**Defendant Below, Petitioner**

**FILED**

June 16, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Marc Alderman, by counsel Daniel Grindo, appeals the Circuit Court of Webster County's August 22, 2013, order revoking his probation. The State, by counsel Julie Warren, filed a response. On appeal, petitioner alleges that the circuit court failed to properly apply West Virginia Code § 62-12-10, as amended in 2013, at his probation revocation hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2011, following the entry of guilty pleas to one count of grand larceny and one count of conspiracy, the circuit court sentenced petitioner to consecutive terms of incarceration of one to ten years and one to five years, respectively. In 2012, the circuit court suspended petitioner's sentence for conspiracy upon his release from prison on the grand larceny charge and placed petitioner on five years of probation. As a condition of his probation, petitioner was to remain drug and alcohol free. Moreover, on May 3, 2013, petitioner tested positive for morphine and Oxycodone, and on June 18, 2013, petitioner tested positive for Suboxen. Following an evidentiary hearing, the circuit court revoked petitioner's probation and resentenced him to a term of incarceration of one to five years on the conspiracy count. It is from this order that petitioner now appeals.

We have stated that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W. Va. 138, 459 S.E.2d 415 (1995). Further, "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011).

On appeal, petitioner's sole assignment of error is that the circuit court failed to properly apply West Virginia Code § 62-12-10, as amended in 2013. West Virginia Code §§ 62-12-10(a)(1)(B) and (C) (2013) state that "[i]f the court . . . finds reasonable cause exists to believe that the probationer . . . [e]ngaged in new criminal conduct other than . . . simple possession of a controlled substance . . . the court . . . may revoke the suspension of imposition or execution of sentence . . . ." Specifically, petitioner argues that his admission to violating the terms of his probation for failing two drug screens constitutes simple possession of a controlled substance as contemplated by the amended statute. Petitioner argues that, pursuant to West Virginia Code § 62-12-10 (2013)[1], he is subject to only a sixty-day term of incarceration because this was his first violation.

"'The presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect.' Pt. 4, syllabus, *Taylor v. State Compensation Com'r*, 140 W.Va. 572, [86 S.E.2d 114 (1955)]." Syl. Pt. 6, *Miller v. Smith*, 229 W.Va. 478, 729 S.E.2d 800 (2012) (applying a prior statute that was in effect at the time of the incident). A plain reading of this statue clearly shows that the Legislature did not include the necessary language for the 2013 statute to apply retroactively. As such, West Virginia Code § 62-12-10 (2013) was intended to operate prospectively. Here, it is undisputed that petitioner admitted to violating the terms of his probation by failing drug screens on May 3, 2013, and June 18, 2013. West Virginia Code § 62-12-10 (2013) did not become effective until July 12, 2013. As such, these violations clearly occurred while West Virginia Code § 62-12-10 (1955) was still in effect. Therefore, we conclude that the previous version of the statute is applicable in this case.

West Virginia Code § 62-12-10 (1955) states, in part, that "[i]f it shall then appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed." The terms and conditions of petitioner's probation clearly required him to remain drug and alcohol free. Because petitioner admitted to violating the terms and conditions of his probation while West Virginia Code § 62-12-10 (1955) was still in effect, and the Legislature did not include the necessary language for the 2013 statute to apply retroactively, the circuit court did not abuse its discretion in revoking petitioner's probation and resentencing him to a term of incarceration of one to five years on the conspiracy count.

As noted above, the circuit court resentenced petitioner to a term of incarceration of one to five years on his conspiracy count. In doing so, the circuit court applied the 2013 version of West Virginia Code § 62-12-10, and held that petitioner's positive drug screens constituted new criminal conduct because he "tested positive for a controlled substance which he possessed

---

[1]In 2013, West Virginia Code § 62-12-10 was substantially amended so that first-time and second-time probation violators would serve short periods of incarceration for violations of the conditions of probation, rather than immediate revocation of the suspended sentence. Pursuant to the amended statute, revocation and imposition of the original sentence is to occur only upon a third violation. *See* W.Va. Code § 62-12-10(a)(2) (2013).

without a valid prescription, which is a violation of the criminal laws of the State of West Virginia." To the extent that the circuit court's decision relied on the provisions of West Virginia Code § 62-12-10 (2013), we find that it was harmless error because the sentence imposed was proper under the applicable version of the statute, West Virginia Code § 62-12-10 (1955).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: June 16, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II