IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2014 Term

_____

No. 11-1503

_____

**FILED**

**November 18, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

RE: PETITION FOR ATTORNEY FEES AND COSTS

SANDRA CASSELLA,
Claimant Below, Petitioner

v.

MYLAN PHARMACEUTICALS, INC.,
Employer Below, Respondent

_____

PETITION FOR ATTORNEY FEES AND COSTS GRANTED; AND
REMANDED TO THE WORKERS' COMPENSATION OFFICE OF JUDGES FOR
DETERMINATION OF REASONABLE ATTORNEY FEES AND COSTS

_____

Submitted: September 10, 2014
Filed: November 18, 2014

Mikel R. Kinser, Esq.                          H. Dill Battle III, Esq.
Rollins Law Office                             Spilman Thomas & Battle, PLLC
Fort Myers, Florida                            Charleston, West Virginia
Attorney for the Petitioner                    Attorney for the Respondent

JUSTICE BENJAMIN delivered the Opinion of the Court.

JUSTICE KETCHUM dissents and reserves the right to file a dissenting opinion.

SYLLABUS BY THE COURT

1.     "Where the issue on appeal . . . is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

2.     "The presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect." Syl. pt. 4, *Taylor v. State Comp. Comm'r*, 140 W. Va. 572, 86 S.E.2d 114 (1955).

3.     "A law is not retroactive merely because part of the factual situation to which it is applied occurred prior to its enactment; only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage can it be considered to be retroactive in application." Syl. pt. 3, *Sizemore v. State Workmen's Comp. Comm'r*, 159 W. Va. 100, 219 S.E.2d 912 (1975).

4.     West Virginia Code § 23-5-16(c) (2013) applies prospectively to a final order that successfully resolves the denial of medical benefits in favor of a claimant where the order is entered after the effective date of the statute, July 12, 2013.

i

5. When a petition for attorney fees and costs is received by this Court as the result of an administrative appeal, this Court has the authority to set the appropriate amount of attorney fees and costs or the Court may, in its discretion, instead remand to the proper administrative body to determine the appropriate award of attorney fees and costs.

Benjamin, Justice:

This case arises from a petition for an award of claimant's attorney fees and costs filed with this Court by Petitioner Sandra K. Cassella after she prevailed before this Court in a workers' compensation claim in which she sought medical benefits. For the reasons provided below, we grant the petitioner's petition, and we remand this case to the Workers' Compensation Office of Judges for a determination of reasonable fees and costs.

## I. FACTS

By order dated June 25, 2010, the claims administrator denied authorization for pain clinic treatment to Petitioner Sandra K. Cassella. By order dated February 10, 2011, the Workers' Compensation Office of Judges reversed the claims administrator and found that the requested pain clinic treatment constituted reasonable medical treatment secondary to the petitioner's compensable condition.[1] The Workers' Compensation Board of Review reversed the order of the Office of Judges on October 3, 2011, and reinstated the claims administrator's decision denying pain clinic treatment. The petitioner subsequently appealed the decision of the Board of Review to this Court.

On July 12, 2013, a legislative amendment to W. Va. Code § 23-5-16 became effective. Pertinent to this case, new subsection (c) of the statute provides that the

---

[1] The petitioner's claim was held compensable for sacroiliac sprain.

1

payment of attorney fees and costs for successful recovery of denied medical benefits may be charged or received by an attorney and paid by the private carrier or self-insured employer for a claimant or dependent.

By a memorandum decision filed on October 24, 2013, this Court reversed the decision of the Board of Review regarding the petitioner's request for medical benefits, and we remanded the case with direction to the Board of Review to reinstate the order of the Office of Judges. This Court's mandate issued on November 25, 2013, and the memorandum decision became final.

On December 2, 2013, the petitioner filed with this Court a Petition for Award of Claimant's Attorney Fees and Costs pursuant to W. Va. Code § 23-5-16(c).[2] Subsequently, Respondent Mylan Pharmaceuticals, Inc. filed a written response in opposition to the petition which this Court refused.

By order dated June 13, 2014, this Court scheduled the matter for oral argument under Rule 20 of the Rules of Appellate Procedure.[3] The Court also directed the parties to file additional briefs addressing several issues. Having carefully considered

---

[2] The petitioner's Petition For Award Of Claimant's Attorney Fees and Costs represents that her attorney worked a total of eleven hours on the research and preparation of the petition and appendix in her appeal of the Board of Review's denial of medical benefits. Regarding costs, the petition lists a total of $47.55 for appendix labels and postage for the petition to this Court.

[3] Both parties waived oral argument and the matter was submitted on briefs.

2

the briefs of the parties and the applicable law, this Court now will proceed to decide the issues before us.

## II. STANDARD OF REVIEW

The resolution of the issues in this case requires this Court to determine the meaning or application of W. Va. Code § 23-6-16(c) (2013). Under our law, "[w]here the issue on an appeal . . . is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, in part, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995). Accordingly, this Court's standard of review in this case is *de novo.*

## III. DISCUSSION

The sole issue in this case centers on the application of W. Va. Code § 23-5-16(c). This code section provides:

> (c) Except attorney's fees and costs recoverable pursuant to subsection (c), section twenty-one [§ 22B-2C-21], article two-c of this chapter, an attorney's fee for successful recovery of denied medical benefits may be charged or received by an attorney, and paid by the private carrier or self-insured employer, for a claimant or dependent under this section. In no event may attorney's fees and costs be awarded pursuant to both this section and subsection (c), section twenty-one, article two-c of this chapter.
>
> (1) If a claimant successfully prevails in a proceeding relating to a denial of medical benefits brought before the commission, successor to the commission, other private

3

carrier or self-insured employer, whichever is applicable, as a result of utilization review, arbitration, mediation or other proceedings, or a combination thereof, relating to denial of medical benefits before the Office of Judges, Board of Review or court, there shall additionally be charged against the private carriers or self-insured employers, whichever is applicable, the reasonable costs and reasonable hourly attorney fees of the claimant. Following the successful resolution of the denial in favor of the claimant, a fee petition shall be submitted by the claimant's attorney to the Insurance Commissioner or his or her successors, arbitrators, mediator, the Office of Judges, the Board of Review, or court, whichever enters a final decision on the issue. An attorney representing a claimant must submit a claim for attorney fees and costs within thirty days following a decision in which the claimant prevails and the order becomes final.

(2) The Insurance Commissioner or his or her successors, arbitrators, mediator, the Office of Judges, the Board of Review, or court shall enter an order within thirty days awarding reasonable attorney fees not to exceed $125 per hour and reasonable costs of the claimant to be paid by the private carriers or self-insured employers, whichever is applicable, which shall be paid as directed. In no event may an award of the claimant's attorney's fees under this subsection exceed $500 per litigated medical issue, not to exceed $2,500 in a claim.

(3) In determining the reasonableness of the attorney fees to be awarded, the Insurance Commission, arbitrator, mediator, Office of Judges, Board of Review, or court shall consider the experience of the attorney, the complexity of the issue, the hours expended, and the contingent nature of the fee.

At the outset of our discussion of this statute, we note that W. Va. Code § 23-5-16(c) was enacted with the recommendation of West Virginia's Access to Justice

4

Commission.[4] The purpose of the statute is to provide a financial incentive for lawyers to represent workers' compensation claimants seeking medical benefits. Prior to the enactment of the statute, claimants often had difficulty retaining legal counsel in these types of cases because claimants could not afford the hourly rates charged by counsel and because there was no award basis by which counsel could be retained with a contingency relationship.

### *Does W. Va. Code § 23-5-16(c) apply retroactively?*

The issue as framed by the parties is whether W. Va. Code § 23-5-16(c) applies retroactively. Simply put, W. Va. Code § 23-5-16(c) does not apply retroactively. This Court has held that "[t]he presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect." Syl. pt. 4, *Taylor v. State Comp. Comm'r*, 140 W. Va. 572, 86 S.E.2d 114 (1955). Nowhere in the statute at issue are there clear, strong, and imperative words indicating that the statute applies retroactively, nor does such appear by necessary implication.

This, however, does not resolve the issue. The petitioner argues that it is not necessary to apply the statute retroactively in order to grant her petition for attorney fees

---

[4] The Access to Justice Commission was created by this Court in 2009 to assess the needs of citizens of the State in accessing the civil justice system in a meaningful manner.

5

and costs. According to the petitioner, her right to attorney fees and costs did not vest until this Court's decision became final and successfully resolved the denial of medical benefits in her favor. This occurred on the Court's issuance of the mandate on November 25, 2013. The petitioner concludes that because W. Va. Code § 23-5-16(c) became effective on July 12, 2013, its application to the successful resolution of the denial of medical benefits in her favor several months later is not retroactive.

The respondent counters that because the effective date of W. Va. Code § 23-5-16(c) was July 12, 2013, and because the petitioner's request for medical benefits was denied by the claims administrator on June 25, 2010, any application of W. Va. Code § 23-5-16(c) to the petitioner's request for attorney fees and costs would necessarily be retroactive in nature. For support, the respondent cites this Court's opinion in *Wampler Foods v. Workers' Comp. Div.*, 216 W. Va. 129, 602 S.E.2d 805 (2004), in which we explained that an "award" is any action taken on an issue and the law in effect on the date of the "award" controls the adjudication of the particular issue within the claim, not the law in effect on the date of the injury.

After considering the parties' arguments, this Court finds that application of W. Va. Code § 23-5-16(c) to the petitioner's request for attorney fees and costs is not a retroactive application of the statute. Significantly, the specific language of W. Va. Code § 23-5-16(c) does not refer to the date on which a claimant's claim for medical benefits was first acted upon as being the operative time at which a fee petition will be

6

considered. Therefore, this Court's opinion in *Wampler* is not instructive on this issue. Instead, the statute, in its express language, becomes applicable when "a claimant successfully *prevails* in a proceeding relating to a denial of medical benefits." W. Va. Code § 23-5-16(c)(1) (Emphasis added.). The statute further indicates that

> [f]ollowing the successful resolution of the denial in favor of the claimant, a fee petition shall be submitted by the claimant's attorney to the Insurance Commissioner or his or her successors, arbitrators, mediator, the Office of Judges, the Board of Review, or court, whichever enters a final decision on the issue.

*Id.* It is clear from this statutory language that the statute at issue becomes operative when there is a final order successfully resolving the denial of medical benefits in favor of the claimant, not when the initial claims decision is made.

The final order successfully resolving the denial of medical benefits in favor of the petitioner was on November 25, 2013, the date on which the mandate was issued on the memorandum decision which ordered the reinstatement of the petitioner's medical benefits. Under our law,

> [a] law is not retroactive merely because part of the factual situation to which it is applied occurred prior to its enactment; only when it operates upon transactions which have been completed or upon rights which have been acquired or upon obligations which have existed prior to its passage can it be considered to be retroactive in application.

Syl. pt. 3, *Sizemore v. State Workmen's Comp. Comm'r*, 159 W. Va. 100, 219 S.E.2d 912 (1975). The fact that a claimant filed her original claim for medical benefits and it was first acted upon prior to the effective date of W. Va. Code § 23-5-16(c) does not make the

application of the statute to the petitioner's case retroactive. By the statute's language, the initial action made on a claim for medical benefits is not the event that triggers the operation of the statute. Instead, a final order resolving a denial of medical benefits in the claimant's favor is the triggering event for the purpose of W. Va. Code § 23-5-16(c). Significantly, it is only when a final order is entered that the claimant acquires the right to attorney fees and costs, and it is only then that the private carrier or self-insured employer may become obligated to pay to the claimant attorney fees and costs. If this triggering event occurs after the effective date of W. Va. Code § 23-5-16(c), the operation of the statute on that event is not retroactive. Therefore, we now hold that W. Va. Code § 23-5-16(c) (2013) applies prospectively to a final order that successfully resolves the denial of medical benefits in favor of a claimant and which is entered after the effective date of the statute, July 12, 2013.

In the instant case, the final order resolving the denial of medical benefits in the petitioner's favor was entered on November 25, 2013, which is after the effective date of W. Va. Code § 23-5-16(c). As a result, the application of W. Va. Code § 23-5-16(c) to the final order in this case is prospective so that the petitioner may seek and collect attorney fees and costs from the respondent pursuant to W. Va. Code § 23-5-16(c).

This Court has decided that the petitioner is entitled to attorney fees and costs pursuant to W. Va. Code § 23-5-16(c) (2013), for prevailing on her request for medical benefits in this Court's October 24, 2013, memorandum decision. With regard to

8

the determination of appropriate attorney fees and costs, generally, where attorney fees and/or costs are awarded by the Supreme Court pursuant to Rule 24 of the West Virginia Rules of Appellate Procedure, the Court has the authority to set the amount of the award or the Court may, in its discretion, instead direct the trial court to determine the amount of the appropriate attorney fee on remand. Similarly, when a petition for attorney fees and costs is received by this Court as the result of an administrative appeal, this Court has the authority to set the appropriate amount of attorney fees and costs or the Court may, in its discretion, instead remand to the proper administrative body to determine the appropriate award of attorney fees and costs. In the instant case, because an evidentiary hearing may be necessary to determine the amount of reasonable attorney fees and costs according to the guidelines set forth in this opinion, we deem it best to remand this case to the Office of Judges for the determination of reasonable attorney fees and costs.[5]

## IV. CONCLUSION

For the reasons set forth above, the petition for attorney fees and costs in this case is granted, and this case is remanded to the Workers' Compensation Office of Judges for a determination of reasonable attorney fees and costs.

Petition granted and case remanded.

---

[5] This Court requested that the parties address several other issues in their supplemental briefs. After further considering the matter, we find that it is not necessary to address these issues in order to resolve this case.