STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
June 16, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVID L. CUMLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0612** (BOR Appeal No. 2049011)
                          (Claim No. 2012034414)

**BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner David L. Cumley, by Christopher J. Wallace, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bridgestone Americas Tire Operations, LLC, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 19, 2014, in which the Board affirmed a November 18, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges granted Mr. Cumley attorney's fees incurred in connection with obtaining a reversal of the claims administrator's May 22, 2013, decision but denied his request for payment of $419.25 in costs. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Regarding the award of attorney's fees, upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. Therefore, a memorandum decision affirming, in part, the Board of Review's Final Order under Rule 21(c) of the Rules of Appellate Procedure is appropriate. On the issue of the award of costs, this Court finds that the decision of the Board of Review is clearly the result of an erroneous conclusion of law. This Court reverses, in part, and remands the decision of the Board of Review for an Order granting Mr. Cumley $419.25 in costs. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

1

Mr. Cumley worked for Bridgestone Americas Tire Operations, LLC, as a mechanic. On May 2, 2012, Mr. Cumley injured his right hand and wrist while prying two tires apart with a pry bar. He filed an application for workers' compensation benefits based on this injury, and the claims administrator held his claim compensable for a right hand contusion. Soon after this decision, Mr. Cumley came under the care of Jaiyoung Ryu, M.D., who found that Mr. Cumley had continued pain in his right hand, particularly on the ulnar side. He recommended arthroscopic wrist surgery to treat his symptoms. Bill Hennessey, M.D., then evaluated Mr. Cumley. He found that Mr. Cumley had fully recovered from his hand contusion, but he was concerned that Mr. Cumley still had a right wrist fibrocartilage complex tear which was related to the compensable injury. The claims administrator then authorized a right wrist arthroscopy based on Dr. Hennessey's evaluation. After the surgery was performed and Mr. Cumley had recovered, Dr. Ryu treated him again and found that he was still not able to perform his customary mechanical work. Based on this finding, Dr. Ryu requested authorization for an ulnar shortening osteotomy so that Mr. Cumley could return to work. Dr. Hennessey then performed a second evaluation and found that Mr. Cumley did not need a shortening osteotomy surgery. He found that Mr. Cumley's symptoms were successfully treated by the earlier arthroscopic surgery. On May 22, 2013, the claims administrator denied Dr. Ryu's request for a shortening osteotomy of the right wrist based on Dr. Hennessey's second evaluation. The Office of Judges, however, reversed the claims administrator's decision on October 2, 2013, and authorized the requested ulnar shortening osteotomy. Following this Order, Mr. Cumley filed a request for payment of $919.25 in attorney's fees and costs incurred in litigating the medical benefits request. The request included $500.00 in attorney's fees. It also included $419.25 in costs. Mr. Cumley's costs were primarily incurred by his counsel in traveling to the location of the hearing before the Office of Judges. His request listed $289.85 for mileage, $128.76 for a hotel room, and $0.64 for postage. On November 18, 2013, the Office of Judges granted Mr. Cumley $500.00 in attorney's fees but denied his request for $419.25 in costs incurred during the litigation. The Board of Review affirmed the Office of Judges' Order on May 19, 2014, leading Mr. Cumley to appeal.

The Office of Judges granted Mr. Cumley $500.00 in attorney's fees because the amount was reasonable for the services rendered in obtaining a reversal of the claims administrator's May 22, 2013, decision. The Office of Judges, however, denied Mr. Cumley's request for payment of $419.25 in costs. It found that these were out-of-pocket expenses and "were not incurred by the claimant" as required under West Virginia Code § 23-5-16(c)(2) (2013). The Board of Review adopted the findings of the Office of Judges and affirmed its Order. Board Member James D. Gray, however, dissented because he believed that Mr. Cumley was entitled to $419.25 as reasonable costs under West Virginia Code § 23-5-16(c).

We agree with the conclusion of the Board of Review and the findings of the Office of Judges insofar as it granted Mr. Cumley $500.00 in attorney's fees. The award was sufficiently supported by the evidence in the record and was reasonable under West Virginia Code § 23-5-16(c).

However, the decision of the Board of Review, insofar as it denied payment of any costs, is clearly the result of an erroneous conclusion of law, and should be remanded for an Order granting Mr. Cumley's request for $419.25 in costs incurred in obtaining a reversal of the claims

administrator's decision. The costs provided in Mr. Cumley's request were "costs of the claimant" and were the type for which West Virginia Code § 23-5-16(c) provides repayment. In *Petition for Attorney Fees and Costs: Cassella v. Mylan Pharmaceuticals, Inc.*, 234 W. Va. 485, ___, 766 S.E.2d 432, 435-36 (2014) we found that the purpose of West Virginia Code § 23-5-16(c) was "to provide a financial incentive for lawyers to represent workers' compensation claimants seeking medical benefits." The decision of the Board of Review significantly undermines that goal. Because an evidentiary hearing is not required to determine the amount of the costs incurred by Mr. Cumley in obtaining a reversal of the claims administrator's denial of his request for surgery, this Court finds that the $419.25 in itemized costs listed in his application are reasonable costs and should be granted under West Virginia Code § 23-5-16(c).

For the foregoing reasons, insofar as it granted Mr. Cumley $500.00 in attorney's fees, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Insofar as it denied payment of any costs, we find that the decision of the Board of Review is clearly the result of an erroneous conclusion of law. Therefore, the decision of the Board of Review is affirmed in part, reversed in part, and remanded to the Office of Judges for an Order granting Mr. Cumley's request for $419.25 in costs.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:  June 16, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II